## COMMONWEALTH *vs.* EZRA J. HOAR.

Suffolk. November 27.— December 2, 1876. COLT & AMES, JJ., absent.

A complaint to, and a record of a judgment of, the " Municipal Court of the Brighton District of the city of Boston, holden in said Brighton District for the transaction of criminal business, within and for the county of Suffolk," charging an offence as committed "within the judicial district of said court," duly designates the court under the St. of 1874, *c.* 271, §§ 14, 15, and shows that the offence was committed in a part of the county, of which the court had full jurisdiction.

A single sale of intoxicating liquors at a public house tends to prove the keeping and exposing of such liquors for sale.

COMPLAINT under the St. of 1875, *c.* 99, to the "Municipal Court of the Brighton District of the city of Boston, holden in said Brighton District for the transaction of criminal business, within and for the county of Suffolk," charging that the defendant "within the judicial district of said court, unlawfully did expose and keep for sale intoxicating liquors, with intent unlawfully to sell the same within this Commonwealth." In the Municipal Court the defendant moved to quash the complaint on the following grounds :

" 1. Said complaint contains the legal designation of no court known to the law of this Commonwealth, and appears, by inspection, to have been made, sworn to, acted upon and prosecuted in no legal tribunal existing within the territorial district limits of this county or Commonwealth. 2. By the St. of 1874, *c.* 271, § 14, a court was established for the territory comprised in what was then Ward 19, of the city of Boston, otherwise described as the Brighton District ; whereas this complaint sets forth that it was made and sworn to in the Municipal Court of the Brighton District of the city of Boston, holden in said Brighton District for the transaction of criminal business, within and for the county of Suffolk ; and not that the court was holden in said Brighton District for the transaction of criminal business, within and for said Brighton District. 3. Said complaint alleges that the offence was committed within the judicial district of said court, *i. e.* within the judicial district of the Municipal Court of the Brighton District of the city of Boston ; which is defective, for the reasons given in preceding objections ; and there being no such court in this Commonwealth as the Mu-

nicipal Court of the Brighton District of the city of Boston. 4. Similar objections in all particulars apply to the record in this cause. 5. Said complaint does not allege any particular building, street or place in said Brighton District, or within the judicial district of this court, where the alleged offence was committed. 6. Said complaint alleges two offences, that is, the offence of exposing and also of keeping for sale intoxicating liquors, each of which are separate offences, and cannot be combined in one complaint without being set forth in separate counts. 8. Said complaint is for exposing and keeping for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth, which is not an offence known to the law, the addition of the 'and with intent unlawfully to sell the same in this Commonwealth,' making the complaint fatally defective. 9. Said complaint is also defective in not alleging that defendant exposed and kept said intoxicating liquors with intent unlawfully to sell the same in said Brighton District, or within the judicial district of this court." This motion was overruled.

The defendant was tried, adjudged guilty and sentenced to pay a fine, and appealed to the Superior Court. The record of the judgment of the Municipal Court, transmitted to the Superior Court, recited that "at the Municipal Court of the Brighton District of the city of Boston, holden in said Brighton District for the transaction of criminal business, within and for the county of Suffolk," the defendant was brought before the court on a complaint setting forth that the defendant, "within the judicial district of said court, unlawfully did expose and keep for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth," and the record then proceeded in the usual manner. In the Superior Court, before the jury were empanelled, the defendant renewed his motion, made in the Municipal Court, to quash the complaint. *Putnam*, J., overruled the motion, and the defendant was then tried.

Two witnesses for the government testified, that on the day named in the complaint they went into the Cattle Fair Hotel, at Brighton ; that three men came into the bar-room ; that the defendant was behind the bar ; that no one else was there, except the defendant and the three men ; that the three men called for three glasses of whiskey, and drank and paid for them ; that the

defendant waited on them, and received the money. There was evidence tending to show that the defendant was not a stranger in the house.

The judge was requested by the defendant to give the following instruction to the jury: "A single selling on certain premises of intoxicating liquors, if proved as against this defendant, does not, in and of itself, sufficiently tend to prove the offence here charged." The judge declined so to rule. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. E. Bates & J. B. Braman,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

GRAY, C. J. The court to which the complaint is addressed is duly designated in the complaint and in the record as "the Municipal Court of the Brighton District of the city of Boston, holden in said Brighton District for the transaction of criminal business." St. 1874, c. 271, §§ 14, 15. The addition of the words "within and for the county of Suffolk" does not imply that the court had jurisdiction to try offences committed anywhere in the county. The allegation that the defendant's offence was committed "within the judicial district of said court" shows that it was committed in a part of the county of which the court had full jurisdiction.

The offence was charged in usual and legal form. The instruction requested was rightly refused. A single sale of intoxicating liquors at a public house does tend to prove an exposing and keeping of such liquors for sale; and in this case there was ample evidence of the offence.          *Exceptions overruled.*