[No. 10,356.]

## THE PEOPLE v. WM. COLLINS.

BURGLARY—FELONIOUS INTENT—PRIVY.—Parnell informed the Sheriff that Collins had requested him to enter a house in the night time, and steal therefrom a sum of money which he knew to be concealed there, the money to be divided between them. By advice of the Sheriff, Parnell agreed to do so, for the purpose of entrapping Collins, and accordingly entered the house, secured the money, marked it so that it could be identified, and after delivering it to Collins gave a signal, when the Sheriff arrested Collins with the money in his possession. *Held*, that, inasmuch as Parnell alone entered the building, and did so without felonious intent, there was no burglary committed, and therefore Collins could not have been privy to a burglary.

APPEAL from the County Court of Colusa County.

The defendant was convicted of burglary, and appealed. The facts are stated in the opinion.

*A. L. Hart*, *T. J. Hart*, and *J. C. Deuel*, for Appellant, argued that as the building was entered by Parnell alone, and by him without felonious intent, there was no burglary committed, to which the defendant could be privy.

*Jackson Hatch*, District-Attorney, with *Attorney-General Hamilton*, for the People.

Parnell, in entering the house, acted as the agent of Collins, and by his advice. The guilty intent and advice to commit a felony made him a principal. He was properly indicted and convicted, not as an accessory before the fact, but as a principal, who committed a crime through his agent. It made no

difference that Parnell entered the house without criminal intent.   (4 Hill N. Y. 133 ; 11 Mass. 136 ; 10 Mass. 181.)

By the COURT :   ·

There was evidence tending strongly to show that the defendant requested Parnell to enter a certain building in the nighttime, and to steal therefrom a sum of money which he knew to be concealed there ; and that the money, when stolen, should be divided between them.   The evidence also tended to prove, that instead of accepting and acting upon this proposal, Parnell immediately informed the Sheriff of it, who, after consultation with the District-Attorney, advised Parnell to pretend to the defendant that he accepted the proposition, and would carry out the enterprise.   It was therefore agreed between Parnell and the Sheriff, that when the money was taken it should be marked with acid, so that it could be identified; and that when the money was delivered to the defendant a signal should be given by Parnell, to enable the Sheriff to arrest the defendant with the money in his possession.   The evidence tended to prove that this programme, as agreed upon by Parnell and the Sheriff, was carried into effect; that Parnell entered the building, secured the money, marked it with acid, delivered a part of it to the defendant, gave the · signal as agreed upon, and the Sheriff thereupon arrested the defendant with the money in his possession.

On this state of the evidence the Court instructed the jury that, if it was agreed between Parnell and the defendant that the former should enter the building and steal the money, to be divided between them, and if, in pursuance of the agreement, Parnell did enter the building and take the money and divide it with the defendant, the defendant was guilty of burglary, and the jury should so find, " without regard to the part taken in the offense by the witness Parnell, or as to the motives or intentions of said Parnell."   This instruction was erroneous.

If Parnell entered the building and took the money with no intention of stealing it, but only in pursuance of a previously arranged plan between him and the Sheriff, intended solely

to entrap the defendant into the apparent commission of a crime, it is clear that no burglary was committed, there being no felonious intent in entering the building, or taking the money. If the act of Parnell amounted to burglary, the Sheriff who counseled and advised it was privy to the offense ; but no one would seriously contend, on the foregoing facts, that the Sheriff was guilty of burglary. The evidence for the prosecution showed that no burglary was committed by Parnell, for the want of a felonious intent, and the defendant could not have been privy to a burglary unless one was committed.

Judgment and order reversed, and cause remanded for a new trial.

WALLACE, C. J., did not express an opinion in this case..