. COMMONWEALTH *vs.* WILLIAM H. GOULDING.

Worcester.     October 2. — 22, 1883.     FIELD & W. ALLEN, JJ., absent.

A complaint on the Pub. Sts. *c.* 101, § 9, to a district court, alleged that the defendant, on a certain day, was the person having the control of a certain tenement described, and did then and there permit the said tenement to be used and resorted to for illegal gaming. In the Superior Court, on appeal, the defendant objected that the complaint did not allege that he maintained, or aided in maintaining, a common nuisance, or that the said tenement was a common nuisance, to the common nuisance of all the citizens of the Commonwealth; and that the possibility was not excluded that some other person might have had control of the premises on that part of the day when they were used for gaming. *Held,* that the defects alleged were merely formal, and the objections were taken too late.

HOLMES, J. This is a motion to dismiss a complaint under the Pub. Sts. *c.* 101, § 9. The complaint alleges that the defendant, on a certain day, was the person having the control of a certain tenement described, and did then and there knowingly permit the said tenement to be used and resorted to for illegal gaming. The chief objection urged is that it does not allege that the defendant maintained, or aided in maintaining, a common nuisance, or that the said tenement was a common nuisance, to the common nuisance of all the citizens of the Commonwealth. As the facts alleged necessarily constituted the offence of aiding in the maintenance of a common nuisance, by the express enactment of the statute, (Pub. Sts. *c.* 101, §§ 6, 9,) the omitted averments state a mere conclusion of law, and " add nothing to the complaint which the law would not find there

without them." They are therefore only formal. *Commonwealth* v. *Lavonsair*, 132 Mass. 1, 4. 1 Hawk. P. C. c. 75, §§ 4, 5. In *Commonwealth* v. *Smith*, 6 Cush. 80, the acts alleged did not necessarily constitute any offence, and the averment that they were to the common nuisance, &c. was necessary to complete one, and to exclude possible justifications. It follows that, as the motion was first made in the Superior Court after the district court had rendered judgment, it came too late, although we do not mean to intimate that it would have fared better if it had come earlier. Pub. Sts. c. 214, § 25. See *Commonwealth* v. *Doherty*, 116 Mass. 13, and cases cited.

The only other objection not waived is that the possibility is not excluded that some other person might have had control of the premises on that part of the day when they were used for gaming. This is still more obviously formal, and has no merit.

*Judgment overruling motion to dismiss affirmed.*

*J. R. Thayer*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.