COMMONWEALTH *vs.* EDWARD E. BAKER.

Suffolk.　November 23, 1891. — January 6, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Complaint — Gaming — " Policy " — Burden of Proof — Accomplice.*

A complaint to the " Municipal Court of the city of Boston, holden at said Boston for the transaction of criminal business within the county of Suffolk," charging that the defendant on a certain day, " and on divers other days and times between that day and the day of making this complaint," at Boston, did keep and maintain a tenement " then and on said other days and times there resorted to for illegal gaming, and then and on said other days and times there by him used for illegal gaming," is sufficient.

On a complaint for keeping and maintaining a tenement for illegal gaming, it is a question of fact for the jury whether the defendant did or did not keep the tenement during a substantial portion of the time alleged, and whether, if kept by him, it was resorted to for illegal gaming, and whether " policy " is a form of illegal gaming.

At the trial of a complaint for keeping and maintaining a tenement for illegal gaming, the judge instructed the jury that the Commonwealth must prove, beyond a reasonable doubt, all the essential allegations of the complaint; that they must be satisfied that, during some substantial portion of the time alleged, the defendant kept the tenement in question, and that during such period it was with his consent resorted to and used for illegal gaming; that it was not necessary to prove that the defendant was the owner of the premises, or the one who usually kept them, but that it was sufficient if, for a substantial portion of the time, he had and exercised sole charge, control, and management thereof while they were so resorted to and used; and that it must be proved, beyond a reasonable doubt, that the defendant personally kept and maintained the tenement in question during some substantial portion of the time specified for the purpose of its being resorted to and used for illegal gaming, defining illegal gaming substantially as requested by the defendant. *Held*, that the defendant had no ground of exception.

One who goes to a house alleged to be kept and maintained for purposes of illegal gaming, and engages in such gaming himself for the express purpose of appearing as a witness for the government against the proprietor, is not an accomplice.

COMPLAINT to the " Municipal Court of the city of Boston, holden at said Boston for the transaction of criminal business within the county of Suffolk," charging that the defendant on October 17, 1890, " and on divers other days and times between that day and the day of making this complaint," at Boston, did keep and maintain a tenement " then and on said other days and times there resorted to for illegal gaming, and then and on said other days and times there by him used for illegal gaming."

In the Superior Court, on appeal, before the jury were empanelled, the defendant renewed a motion to quash the complaint previously made in the Municipal Court, assigning the following reasons therefor:

" 1. There is no averment that the court to whom the complaint is addressed is a court for the city of Boston, in and for the county of Suffolk, or any part of Boston or Suffolk.

" 2. Because there is no proper and sufficient statement of the time or of the place and locality of the alleged common nuisance.

" 3. There is no proper and sufficient averment, or statement, or description of the alleged illegal gaming, or nuisance by illegal gaming, or of what it consisted, or what made it.

" 4. Because there is no averment that the tenement was unlawfully used as and for a common gaming-house for the purpose of gaming for money or other property, and that idle and dissolute persons or other persons resorted to the same for that purpose."

*Dunbar*, J. overruled the motion; and the defendant excepted.

At the trial, after the introduction of testimony tending to show that the tenement mentioned in the complaint was used for the purposes charged, one O'Brien, a policeman, was, against the defendant's objection, permitted to testify as an expert as to the game known as " policy," and that he played that game at the said rooms of the defendant nine times; and the defendant excepted.

The defendant requested the following rulings:

" 1. The burden is upon the government to prove beyond a reasonable doubt all essential elements of the charge as stated in the complaint.

" 2. All the facts in the government's case being assumed as true, with all justifiable inferences therefrom, the defendant cannot be convicted upon the complaint.

" 3. The burden is upon the government to prove that defendant personally and individually maintained this rear room, and used it as a gaming nuisance; that it was resorted to, etc., for illegal gaming by his consent, concurrence, and approbation, and that it was a common gaming nuisance. A gaming house can only consist of an illegal gaming that is habitually carried

on as a business, acts charged as illegal, and the gaming must be completed, and consummate act or acts of illegal gaming as distinguished from incipient acts not directly connected with a completed act of gaming. The acts here proved are not such acts.

"4. Policy, so called, cannot be prosecuted under the common nuisance act.

"5. This is not a good and valid complaint for gaming, even under the nuisance act.

"6. The government has the burden to prove, beyond a reasonable doubt, what policy is, and that it is illegal gaming.

"7. The government must prove, beyond reasonable doubt, that the place inculpated was resorted to for illegal gaming, and it is not enough to prove that it was used by the defendant for illegal gaming.

"8. Gambling and gaming is an agreement between two or more persons to use their money or property in a contest or chance of some kind where one may be the gainer and the other the loser, and the acts and facts put in evidence do not constitute the act of gaming.

"9. The gist of the offence is the obtaining of money or property by the fraudulent use of gaming implements or devices, and implies publicity of the acts, and suffering persons to resort for gain there.

"10. If policy consists in betting on the winnings of a lottery established, conducted, and drawn out of this State, the defendant cannot be convicted in this State under this complaint.

"11. If policy is simply guessing on what is happening in a different State, it is no game.

"12. Officer O'Brien is in law an accomplice.

"13. It is not deemed safe policy of law that conviction should follow on the uncorroborated testimony of an accomplice or accomplices.

"14. There has been offered no legal corroboration in legal character or competency."

The judge instructed the jury that the Commonwealth must prove, beyond a reasonable doubt, all the essential allegations of the complaint; that they must be satisfied that, during some substantial portion of the time alleged, the defendant kept the

tenement in question, and that during such period it was with his consent resorted to and used for illegal gaming; that it was not necessary to prove that the defendant was the owner of the premises, or the one who usually kept them; but that it was sufficient if, for a substantial portion of the time, he had and exercised sole charge, control, and management thereof while they were so resorted to and used; and that the prosecution must prove, beyond a reasonable doubt, that the defendant personally kept and maintained the tenement in question during some substantial portion of the time specified for the purpose of its being resorted to and used for illegal gaming. The judge defined illegal gaming substantially as requested by the defendant, and gave the defendant's seventh and eleventh requests, and declined to give the others, except in so far as covered by the instructions given.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

   . *G. W. Searle*, for the defendant.

   *A. E. Pillsbury*, Attorney General, *& G. C. Travis*, First Assistant Attorney General, for the Commonwealth.

   MORTON, J. Without considering the requests of the defendant successively, we think it enough to say that we discover no error in the instructions as given, nor in the refusal to give such requests or make such rulings as were desired. The form of the complaint was sufficient. The court to which the complaint was addressed was sufficiently described. *Commonwealth* v. *Hoar*, 121 Mass. 375. *Commonwealth* v. *Clancy*, 154 Mass. 128. The time and place were sufficiently set out, and it was not necessary to describe the kind of illegal gaming that was carried on. *Commonwealth* v. *Logan*, 12 Gray, 136. *Commonwealth* v. *Langley*, 14 Gray, 21. *Commonwealth* v. *Edds*, 14 Gray, 406. The allegation that the tenement was resorted to for illegal gaming was sufficient. It was not necessary to aver that it was used as a common gaming-house for the purpose of gaming for money, and that idle and dissolute persons resorted to it for that purpose. *Commonwealth* v. *Goulding*, 135 Mass. 552. *Commonwealth* v. *Clark*, 145 Mass. 251.

   , It was a question of fact for the jury whether the defendant did or did not keep the tenement during a substantial portion of

the time alleged, and whether, if kept by him, it was resorted to
for illegal gaming while he kept it, and whether " policy " was
a form of illegal gaming. The instructions requested by the
defendant as to the burden of proof, and what it was necessary
for the Commonwealth to prove in order to convict the defend-
ant, and as to what constituted illegal gaming, were given sub-
stantially as requested by him, with the exception of the third
request, which was properly refused in the form in which it was
presented. It is enough to say of this request, that it asked the
court to rule entirely as matter of law upon what, to some extent
at least, were questions of fact for the jury. The court rightly
refused to rule as matter of law that officer O'Brien was an ac-
complice. *Commonwealth* v. *Willard*, 22 Pick. 476. *Common-
wealth* v. *Downing*, 4 Gray, 29. It follows that the other rulings
requested, which were based on the assumption that O'Brien was
as matter of law an accomplice, were also rightly refused.

*Exceptions overruled.*