Summers, J.
We have found but one case in which a feigned accomplice was convicted and the question in that manner presented, but there are many in which it is raised on the trial of the principal by objection to the testimony of the feigned accomplice on the ground that a conviction can not be had on the uncorroborated testimony of an accomplice.
The question was so raised in The State v. McKean, 36 Iowa, 343, where the defendant had been convicted of horse stealing. The trial court gave the following instructions which are approved by the supreme court: ‘‘Eighth. If you find from the evidence that the witness, Meeks, went into an arrangement with the defendant and others to steal the horse in question, and did assist in taking said horse, whether or not he is an accomplice in the crime if any has been committed, will depend whether, at the time he took the horse, he took it with felonious intent; that'is, with the intent to appropriate the horse to his own use and.to deprive the owner of the use thereof.
‘‘Ninth. If at the time of the taking he was *572 actuated by or possessed of such felonious intent, he is then to be regarded as an accomplice; but on the other hand, if you are satisfied from the evidence, that Meeks intended from the beginning, to act the part of a detective to ferret out and make known the crime and secret frauds of the defendant and others, then he is not to be regarded as an accomplice. This question of whether Meeks was an accomplice or a detective is important, and must be by you determined, in view of the next instruction which I shall give you, It is a question of 'fact which you are to determine from the evidence.”
And then follows an instruction to the effect that if the jury find that Meeks was an accomplice, that then the defendant could not be convicted upon his uncorroborated testimony.
What is said in State v. Brownlee, 84 Iowa, 473, is to 'the contrary, but it is mere dictum.
In Commonwealth v. Baker 155 Mass., 287, it is held: ‘‘One who goes to a house alleged to be kept and maintained for purposes of illegal gaming, and engages in such gaming himself for the express purpose of appearing as a witness for the government against the proprietor, is not an accomplice. ”
To the same effect are, Com. v. Graves, 97 Mass., 114; Com. v. Downing, 4 Gray, 29; Com. v. Willard, 22 Pick. 476.
In People v. Farrell, 30 Cal. 316, a case of possession of counterfeit coin, it is held: ‘‘The rule that a defendant cannot be convicted of a criminal offense on the testimony of an accomplice, unless the same is corroborated, does not apply to a feigned accomplice.”
To the same effect are People v. Barric, 49 Cal. 342, and People v. Bolanger, 71 Cal. 17.
.In People v. Collins, 53 Cal. 185, Collins was convicted of burglary. The evidence showed that he had requested one Parnell to commit the burglary and to divide the money; that Parnell immediately informed the sheriff, who advised him to play the part of feigned accomplice; he did so, and after the money had been delivered to Collins, notified the sheriff and Collins was arrested with the money in his pos *573 session, and it was held: “That, inasmuch as Parnell alone entered the building, and did so without felonious intent, there was no burglary committed, and therefore Collins could not have been privy to a burglary,”
In the per curiam it is said: “If the act of Parnell amounted to burglary, the sheriffwho counseled and advised ' it was privy to the offense; but no one would seriously contend, on the foregoing facts, that the sheriff was guilty of burglary, The evidence for the prosecution showed that no burglary was committed by Parnell for the want of a felonious intent, and the defendant could not have been privy to a burglary unless one was committed ”
In Campbell v. Commonwealth 84 Pa. St., 187, (a Molly Maguire case) it is held: “A detective who joins a criminal organization for thepurpose of exposing it, and bringing criminals to punishment, and honestly carries out that design, is not an accessory before the fact, although he may have encouraged and counseled parties who were about to commit crime if in so doing he intended that they should be discovered and punished, and his testimony, therefore, is not to be treated as that of an infamous witness.”
In Commonwealth v. Hollister, 157 Pa. St. 13, it is held: “A person who joins others in the commission of a crime for the purpose of exposing it and bringing criminals to punishment, and honestly carries out that design, is not an accessory before the fact, although he may have encouraged and counseled parties who were about to commit crime, if in doing so he intended that they should be discovered and punished; and his testimony, therefore, is not to be treated as that of an infamous witness.”
In People v. Noelke 94 N. Y. 136, it is held that a person who purchases a lottery ticket in that state solely for the purpose of detecting and punishing the seller for a violation of the lottery law, is not an accomplice.
In Price v. The People, 109 Ill., 109, it is held: “First: On an indictment for burglary, for breaking and entering a dwelling house with intent to rob or steal, the intent with which the defendant entered the house is the gist of the charge, and if the proof does not show the felonious intent charged, no conviction can rightfully be had.
Emmett Tompkins and E. E. Tanner, for Plaintiff.
A. L. Thurman, for the State.
“Second: On the trial of several persons for burglary, where one claims that although he accompanied the others, and with them entered the house, he was acting .merely as a detective, to fasten guilt on his associates, if the evidence tending to prove this fact is sufficiently strong to raise a clearly well-founded doubt of his guilt, he ought to be acquitted. ’’
This is the only precedent we have found. Price was present and aided in committing the burglary, and was convicted. The judgment was reversed, and on the sole ground that the verdict was not sustained by the evidence.
In the case last cited there is a dissenting opinion in which it is said: “It would be to establish a most pernicious doctrine to hold that a person might participate in the commission of a felony,and obtain immunity from punishment on the ground that he was a mere detective or spy upon the conduct of others. ’ ’ The question of intent is one for the jury, and we do not think that in any such case the jury is likely ever to be misled, or that such a rule is likely ever to operate as an incentive to the commission of crime.
The judgment is reversed, the verdict set aside, and the case remanded to the court of common pleas for error in overruling the motion for new trial on the ground that the verdict is against the evidence and contrary to law.