### HERMAN LANGLEY v. INDIANA LANGLEY.

(Filed 2 November, 1966.)

**1. Appeal and Error § 19—**

    An assignment of error which is not based on an exception duly appearing in the record is ineffectual.

**2. Appeal and Error § 21—**

    An exception to the judgment is sufficient basis for consideration of an assignment of error that the court erred in failing to find facts sufficient to support its order denying defendant's motion to vacate the judgment.

**3. Appeal and Error § 22;   Attorney and Client § 3—**

    Defendant moved to vacate judgment for plaintiff, entered by the court upon waiver of jury trial, on the ground that she had not authorized her attorney to abandon her defense. The court denied the motion without finding the facts and there was no request for findings. *Held:* It will be

presumed that the court on proper evidence found facts sufficient to support the judgment, including a finding that defendant's attorney was authorized to abandon defendant's defense, and the denial of the motion to vacate the judgment will not be disturbed.

**4. Divorce and Alimony § 13—**

In a suit for divorce on the grounds of separation, defendant having been personally served with summons, the judge, in the absence of a request for a jury trial filed prior to the call of the action for trial, has authority to hear the evidence, answer the issues, and render judgment thereon. G.S. 50-10 as amended by Chapter 540, Session Laws of 1963. This rule applies equally to contested and uncontested divorce actions.

APPEAL by defendant from *Bundy, J.,* April 11, 1966, Civil Session of LENOIR.

The hearing below was on a motion by defendant to vacate a judgment of absolute divorce entered herein by his Honor, Rudolph I. Mintz, Judge presiding, at the April 1965 Session of Lenoir Superior Court.

This action for absolute divorce on the ground of two years separation was commenced by summons issued July 23, 1964, and personally served on defendant on July 24, 1964. The complaint contains the usual allegations as to residence, marriage and separation. Defendant, in an answer filed in her behalf by David S. Henderson, Esq., a member of the Craven County Bar, pleaded as an affirmative defense and as ground for allowances for reasonable subsistence and counsel fees that the separation of plaintiff and defendant on July 8, 1962, was caused solely by plaintiff's wilful abandonment of defendant.

By order dated September 22, 1964, his Honor, Joseph W. Parker, Judge holding the courts of the Eighth Judicial District, denied a motion by defendant for alimony *pendente lite.*

The judgment of absolute divorce entered by Judge Mintz is dated April 21, 1965, and in pertinent part provides:

"It appearing to the court that this is an action for absolute divorce upon the grounds of two years' separation and that personal service of summons, together with a copy of the complaint filed herein was had upon the defendant, Indiana Langley, by the Sheriff of Pamlico County, North Carolina; and

"It further appearing to the court that this action was instituted subsequent to July 1, 1963, and that neither the plaintiff nor the defendant has filed any request for a jury trial prior to the call of the action for a trial and that the same may, therefore, be heard by the presiding judge at said term of court; and

"It further appearing to the court that the defendant filed an answer in this case denying the material allegations thereof, but

that the defendant, through her attorney, personally appeared before the court and advised the court that they did not wish to pursue the defense in the case, though such defense had been interposed in good faith; and

"It affirmatively appearing to the court upon the evidence adduced at the hearing and the court finding the facts to be as follows:

"1.   Were the plaintiff and the defendant married as alleged in the complaint? ANSWER: Yes.

"2.   Has the plaintiff been a resident of the State of North Carolina for more than six months next preceding the commencement of this action? ANSWER: Yes.

"3.   Have the plaintiff and the defendant lived separate and apart from each other for more than two years next preceding the commencement of this action? ANSWER: Yes.

"Now, THEREFORE, on motion of Lamar Jones, Attorney for the plaintiff, it is ordered, adjudged and decreed that the plaintiff be and he is hereby granted an absolute divorce from the defendant, and the bonds of matrimony heretofore existing between the plaintiff and the defendant be and they are hereby dissolved."

Defendant's motion to vacate said judgment was filed in her behalf by her present counsel. The sole question of fact raised by defendant's said motion and plaintiff's answer thereto was whether defendant had authorized her former counsel, David S. Henderson, Esq., to advise Judge Mintz in open court that defendant "did not wish to pursue the defense" to plaintiff's action for absolute divorce.

Judge Bundy's order, after preliminary recitals, provides:

".  .  . and the court, after hearing all the evidence and argument of counsel, being of the opinion that said judgment of divorce should not be set aside;

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the defendant's motion in the cause be and the same is hereby in all respects overruled and denied."

Defendant excepted and gave notice of appeal.

*Lamar Jones for plaintiff appellee.*
*Charles L. Abernethy, Jr., for defendant appellant.*

BOBBITT, J.   Under the heading "Assignments of Error," defendant lists eight *contentions*. However, the exception to the judgment, noted in the appeal entries, is the only exception appearing in the record. An assignment of error is ineffectual unless based on an exception duly noted in apt time. *Vance v. Hampton,* 256 N.C. 557,

561, 124 S.E. 2d 527, 530; 1 Strong, N. C. Index, Appeal and Error § 19.

In the appeal entries, defendant was allowed thirty days in which to serve case on appeal; and plaintiff was allowed twenty days thereafter in which to serve countercase or exceptions. The record before us contains what purports to be a narrative of testimony of defendant and what purport to be affidavits. The record does not show defendant served a case on appeal on plaintiff or that a case on appeal was settled by agreement or otherwise. We accept the record in its present condition as sufficient to indicate that defendant offered evidence in support of her motion and that plaintiff offered evidence (including the affidavit of David S. Henderson, Esq., defendant's former counsel) in opposition thereto.

Prerequisite to decision on defendant's motion was a determination on conflicting evidence as to Mr. Henderson's authority in respect of his representations to Judge Mintz. Mr. Henderson's status as counsel for defendant at April 1965 Civil Session and prior thereto is not challenged. Obviously, the sole basis of Judge Bundy's order is a finding of fact that defendant expressly authorized her said former attorney to abandon defendant's contest of plaintiff's action for an absolute divorce.

Included in defendant's "Assignments of Error" is the following: "Judge Bundy erred in not finding facts in dismissing the motion in the cause." The exception to the judgment affords a sufficient basis for consideration of this assignment of error. However, such assignment of error is without merit. The record indicates, and counsel for defendant so stated upon the oral argument, that no request was made that Judge Bundy make findings of fact.

The general rule, applicable here, is well settled: "When there is no request for findings of fact and the court makes none, or none appear of record, it will be presumed that the court on proper evidence found facts sufficient to support (the) judgment." 1 Strong, N. C. Index, Appeal and Error § 22, p. 96, where numerous supporting cases are cited; also, 1 Strong, N. C. Index, Appeal and Error § 49, p. 136. This general rule was held applicable in the determination of a motion to vacate a consent judgment on the ground the attorney who consented thereto on behalf of the movant did not have authority to do so. *Gardiner v. May,* 172 N.C. 192, 89 S.E. 955. It is noted that the court, *upon request therefor,* is required to make and set forth in the judgment or order the essential findings of fact on which it is based. *Holcomb v. Holcomb,* 192 N.C. 504, 135 S.E. 287. For exceptions to the general rule, see *Morris v. Wilkins,* 241 N.C. 507, 514, 85 S.E. 2d 892, 897; and *S. v. Conyers,* 267 N.C. 618, 148 S.E. 2d 569.

Defendant having been personally served with summons, and no request for a jury trial having been filed prior to the call of the action for trial, the right to have the facts determined by a jury was waived; and the action was for trial without a jury. Under these circumstances, the presiding judge hears the evidence, answers the issues and renders judgment thereon. G.S. 50-10 as amended by Chapter 540, Session Laws of 1963. It is noted that G.S. 50-10 as amended by the 1963 Act applies equally to contested and uncontested divorce actions.

For the reasons stated, Judge Bundy's order denying defendant's said motion is affirmed.

Affirmed.