SUE MORRISON BOST (WIDOW), JAMES V. QUERY AND WIFE, NOREEN M. QUERY, MARY QUERY MORSE AND HUSBAND, T. W. MORSE, DOROTHY QUERY HEPBURN AND HUSBAND, C. C. HEPBURN, WILLIAM M. MORRISON AND WIFE, ANN MORRISON, AND WILLIAM M. MORRISON, ADMINISTRATOR OF THE ESTATE OF HENRY C. MORRISON, DECEASED, v. CITIZENS NATIONAL BANK, ADMINISTRATOR OF THE ESTATE OF WILLIAM McKEE MORRISON, JR., CITIZENS NATIONAL BANK, ADMINISTRATOR OF THE ESTATE OF ETHEL HUDSON MORRISON, WILLIE H. SIMPSON (WIDOW), ELIZABETH G. ALEXANDER AND HUSBAND, CHARLES R. ALEXANDER, ANNIE G. HOWIE (UNMARRIED), ADELAIDE B. CROMARTIE AND HUSBAND, WILLIAM KING CROMARTIE, AGNES BOGER (SINGLE), ALLEN T. BOGER, III (SINGLE), MARY FRANCES WHITE GRIFFIN AND HUSBAND, VERNON GRIFFIN, AND GLADYS M. LANG AND HUSBAND, G. L. LANG, JR.

(Filed 10 July 1968.)

**1. Appeal and Error § 44—**

By their failure to file a brief the appellants are deemed to have abandoned their objections and exceptions, and their appeal is accordingly dismissed. Rules of Practice in the Court of Appeals Nos. 28 and 48.

**2. Appeal and Error § 40—**

A statement of case on appeal is frequently used as an introduction to, or

---

BOST *v.* BANK.

---

a brief summary of, the "record on appeal," but it is not required. Rule of Practice in the Court of Appeals No. 19(a).

**3. Appeal and Error § 42—**

Where contradictory statements in the case on appeal conflict with a statement of a fact found by the judge, the latter must control.

**4. Trial § 1—**

Appellants' contention that their case was never properly calendared in the Superior Court because their attorney did not receive prior notice that it was to be placed on the trial calendar *is held* without merit when there is evidence showing that the attorney had received knowledge a week in advance from opposing counsel that the case was to be placed on the trial calendar and that the attorney felt constrained to write the presiding judge about the matter but did not request a continuance.

**5. Trial § 3—**

It is customary and proper for a lawyer to request a continuance when he has a conflict if he wants the case continued.

**6. Same—**

Continuances are not favored.

**7. Appeal and Error § 41—**

Where the evidence in the record on appeal is submitted under Rule of Practice 19(d)(2) in the Court of Appeals, the appeal is subject to dismissal under Rule 48 when the brief does not contain an appendix setting forth in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what appellant says the testimony of such witnesses tends to establish, with citation to the page of the stenographic transcript in support thereof.

**8. Trial § 18—**

Where the matter for determination raised by the pleadings is an issue of law and not of fact, a motion for trial by jury is properly denied.

**9. Appeal and Error § 24—**

An assignment of error is ineffectual where it is based upon an exception not clearly stated or numbered in accordance with Rule of Practice No. 21 in the Court of Appeals.

**10. Partition § 1—**

In special proceeding for partition by tenants in common under a will, the evidence *is held* sufficient to support the necessary findings of fact which in turn support the conclusions of law of the trial court.

APPEAL by defendants Adelaide B. Cromartie, William King Cromartie, Gladys M. Lang, G. L. Lang, Jr., Agnes Boger, and Allen T. Boger, III, from *Exum, J.,* 2 February 1968 Session of CABARRUS Superior Court. There was no appeal by the other defendants.

This started as a special proceeding for the sale for partition of the real property owned by W. M. Morrison who died a resident of

Cabarrus County, North Carolina, on 15 May 1948, leaving a last will and testament which was admitted to probate. His estate was duly administered.

The defendants Agnes Boger, Gladys M. Lang and husband, G. L. Lang, Jr., were duly served with process herein on 27 June 1966; the defendants Adelaide B. Cromartie and husband, William K. Cromartie, were duly served with process herein on 28 June 1966; and Allen T. Boger, III, was served with process herein on 1 July 1966.

On 15 July 1966 Hartsell, Hartsell & Mills, attorneys, filed answer for all of the defendants, and this answer was verified by the defendant Gladys M. Lang.

On 28 January 1967 the defendants Cromartie and Lang retained attorney Ottway Burton to represent them. On 22 August 1967 Mr. Burton wrote Mr. John Hugh Williams, attorney for the plaintiffs, and stated, among other things, that he desired to "file a formal answer" for his clients. Mr. Burton had theretofore requested the Clerk of Superior Court to list him as attorney of record for the defendants Lang and Cromartie. Thereafter on 22 September 1967, upon motion of Hartsell, Hartsell & Mills, and after notice to the defendants Boger, Lang and Cromartie, Judge Seay without objection, removed Hartsell, Hartsell & Mills as attorneys of record for the defendants Boger, Lang and Cromartie.

On 22 September 1967, without objection, the defendants Citizens National Bank, Administrator of the Estate of William McKee Morrison, Jr.; Citizens National Bank, Administrator of the Estate of Ethel Hudson Morrison; Willie H. Simpson, widow; Elizabeth G. Alexander and husband, Charles R. Alexander; Annie G. Howie, unmarried; and Mary Frances White Griffin and husband, Vernon Griffin, filed another answer which had been verified by Elizabeth G. Alexander on 27 May 1967. This answer is identical in substance to the first answer filed herein on 15 July 1966.

Ottway Burton, as attorney for the defendants Lang and Cromartie, did not file an answer. The first answer filed was not stricken or withdrawn.

Dorothy Query Hepburn, one of the plaintiffs, died in February 1967 leaving Lola Hepburn, 18 years of age, as her sole heir at law, and B. S. Brown, Jr., was appointed guardian *ad litem* for her and filed answer.

This cause was placed on the court calendar for the 29 January 1968 Session of Superior Court of Cabarrus County and was heard in the absence of Ottway Burton, attorney for the defendants Lang and Cromartie, after he did not appear and did not request a continuance.

Judge Exum found, among other things, that this cause was calendared for trial at the June 1967 Session of Court and continued at the request of Mr. Burton; that it was put on the calendar for trial at the November 1967 Session of Court and was continued at the request of Mr. Burton, with informal directions, by the Presiding Judge to the calendar committee that the case be peremptorily set for trial at an early date; that the case was calendared for trial and placed on the calendar at this session, and upon the convening of court on 29 January 1968 Mr. Burton was not present; the court considered a letter from Mr. Burton in which no request was made for a continuance; the case was calendared for Tuesday but the court ordered it to be heard as the fourth case to be tried during the week but not to be heard on Tuesday; and that this was communicated to the office of Mr. Burton on the morning of Monday, 29 January 1968. Again on the morning of Wednesday, 31 January 1968, Mr. Burton's office was notified that this case would be called during the afternoon of that date; and this case was reached and called for hearing at 4:00 p.m. on Wednesday, 31 January 1968.

After the hearing, Judge Exum entered the following judgment dated 2 February 1968:

"This cause coming on to be heard and being heard as calendared at the January 29, 1968 Session of the Superior Court of Cabarrus County before the undersigned Judge Presiding, and it appearing to the court that the following admitted facts appear from the pleadings:

### DETERMINATION OF FACTS.

1.   That W. M. Morrison died on May 15, 1948, a resident of Cabarrus County, North Carolina.

2.   That W. M. Morrison left a last will and testament which was duly admitted to probate in the Superior Court of Cabarrus County and is recorded in Will Book 9, page 192, a copy of which appears as 'Exhibit A' to the Petition; that the estate of W. M. Morrison has been fully administered and settled.

3.   That the plaintiffs include all of the collateral heirs, and their spouses, of the said W. M. Morrison; that plaintiff, Sue Morrison Bost, is a sister of W. M. Morrison; that the plaintiffs Mary Query Morse, Dorothy Query Hepburn and James B. Query are children of Lola M. Query, a sister of W. M. Morrison, who predeceased W. M. Morrison's wife and son; that the plaintiff William M. Morrison is the only son of Henry C. Morrison, who died intestate a resident of Mecklenburg County in

January 1966, and that William M. Morrison is the duly quali-
fied and acting administrator of the estate of Henry C. Morri-
son; that the only brother W. M. Morrison predeceased W. M.
Morrison's wife and son without leaving lineal descendants;
that Dorothy Query Hepburn has died since the institution of
this proceeding, and that Lola Hepburn, who is her sole heir,
appears herein by her duly appointed Guardian *ad Litem.*

4.   That the defendant, Citizens National Bank, is a banking
institution with place of business in Cabarrus County, North
Carolina, and is duly qualified and acting administrator of the
estate of William McKee Morrison, Jr., and of the estate of
Ethel Hudson Morrison.

5.   That William McKee Morrison, Jr., son of W. M. Morrison,
died intestate on the 5th day of December, 1965, a resident of
Cabarrus County, North Carolina, having never married and
having no children; that Ethel Hudson Morrison, wife of W.
M. Morrison, died intestate a resident of Cabarrus County,
North Carolina, on the 30th day of December, 1965, leaving no
lineal descendants surviving; that William McKee Morrison,
Jr., had been the only child of the said W. M. Morrison and his
wife Ethel Hudson Morrison.

6.   That the individual defendants include all of the heirs at
law and their spouses of the said Ethel Hudson Morrison.

7.   That W. M. Morrison died seized and possessed of the real
property lying and being in Cabarrus County and Mecklenburg
County, North Carolina, which is the subject of this proceeding,
and which was devised by the Last Will and Testament of the
said W. M. Morrison.

Based upon the foregoing facts, admitted by the pleadings by
all parties of record to this proceeding, the court concludes as a
matter of law:

CONCLUSIONS OF LAW.

I.   That the pleadings raise only a matter of law concerning
the interpretation of the will of W. M. Morrison, and there are
no facts to be determined by the intervention of a jury.

II.   That under and by virtue of the will of W. M. Morrison
the collateral heirs of W. M. Morrison, the plaintiffs in this
action, became the owners in fee simple as tenants in common,
and entitled to the possession of the real property referred to in
the Petition, owned by W. M. Morrison at the time of his de-

cease, upon the decease of William McKee Morrison, Jr., and Ethel Hudson Morrison, without William McKee Morrison, Jr. leaving children or issue him surviving and not having a living wife.

III.   That as tenants in common of the real property of W. M. Morrison referred to in the Petition the plaintiffs have requested, and are entitled to, a sale for partition of said real property as by law provided.

Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the plaintiffs be and they are hereby adjudicated the owners in fee simple as tenants in common, and entitled to the possession, of the real property of W. M. Morrison referred to in the Petition.

IT IS FURTHER ORDERED that the real property of W. M. Morrison referred to in the Petition be sold for partition among the plaintiffs as tenants in common as their interests may appear.

IT IS FURTHER ORDERED that this cause be and it is hereby remanded to the Clerk of Superior Court of Cabarrus County for the entry of such orders as may be just and proper for the sale for partition of said real property as by law provided.

This 2 day of February, 1968."

Mr. Burton, as attorney for the defendants Lang and Cromartie, filed a motion for a new trial. This motion was dated 8 February 1968 and asserts that he did not receive any notice prior to 20 January 1968 that this case would be calendared for trial at the 29 January Civil Session of court; that the first indication he had was on 20 January 1968 by a letter he received from appellees' attorney informing him that this case was to be peremptorily set for trial on Tuesday, 30 January 1968; that he had a case to argue in the Court of Appeals on that date and also had cases set for trial in Randolph County during that week; and that he made no specific request to have this case continued because it was felt that such was "totally unnecessary"; that this case in Cabarrus County was not properly on the trial calendar.

On 9 February 1968 Judge Exum, after a hearing, made extensive findings of fact and entered an order denying the motion of the defendants Lang and Cromartie.

The defendants Lang and Cromartie gave notice of appeal to the Court of Appeals after objecting and excepting to the findings of fact, the conclusions of law, and the signing and entry of the following: the order of trial entered on 31 January 1968; the judgment

dated 2 February 1968; and the order of 9 February 1968 denying the motion for a new trial. The defendants Lang and Cromartie also objected and excepted to the refusal of the court to find certain facts.

*Williams, Willeford & Boger by John Hugh Williams for plaintiff appellees.*
*Ottway Burton for defendants Adelaide B. Cromartie, William King Cromartie, Gladys M. Lang and G. L. Lang, Jr.*
*No Counsel (and no brief filed) for defendants Agnes Boger and Allen T. Boger, III.*

Mallard, C.J. The appellants Anges Boger and Allen T. Boger, III, by their failure to file a brief are deemed to have abandoned their objections and exceptions, and their appeal is dismissed. *Rules of Practice in the Court of Appeals,* #28 and #48.

In the record there appears that which is designated, "Statement of Case on Appeal." This is frequently used as an introduction or brief summary of the "record on appeal." As a part of the record on appeal, it is not required. See Rule 19(a) of the Rules of Practice in the Court of Appeals of North Carolina, for what the record on appeal is to contain and how it should be arranged. That which appears in this "Statement of Case on Appeal" could have and should have been properly included in appellants' brief. Rule 28 of the Rules of Practice in the Court of Appeals. Appellants in their brief refer to the "facts" set out in the "Statement of Case on Appeal." There appears therein, among other things, the following apparent contradictions:

> "At a date after January 22, 1968, the defendants' attorney, Ottway Burton, received a copy of the January 29, 1968 Calendar *showing the case on the calendar.* * * * *The case was never on the trial calendar* and the defendants had no notice that the case was going to be on the trial calendar until January 20, 1968, which was the same thing as no notice." (Emphasis Added.)

The foregoing contradictory statements in a brief would not pose any question, but do when placed in the record on appeal, particularly when, as here, counsel stipulate that it is a part of the record on appeal. In this case the above statements are particularly significant because in this appeal the contention of the appellants Lang and Cromartie is that the case was not on the trial calendar and that the court should not have ordered the case to trial on Wednes-

day, 31 January 1968, in the absence of Mr. Burton, attorney for such defendants. It is stated in the record, as a fact found by the Judge, that pursuant to the rules of the Cabarrus County Bar Association, this case appeared on the calendar to be heard at the 29 January 1968 Session of Superior Court of Cabarrus County. We hold that this finding by the Judge must control over this contradictory statement appearing in the record. *Blair v. Coakley,* 136 N.C. 405, 48 S.E. 804.

Appellants Lang and Cromartie through their attorney Mr. Burton, contend that the case was never *properly* on the calendar at the 29 January 1968 Session of Superior Court of Cabarrus County because Mr. Burton did not receive notice that it was to be placed on the calendar before it was. This contention is without merit. Rule 22 of the Rules of Superior Court provide that, "The Court will reserve the right to determine whether it is necessary to make a calendar, and, also, for the dispatch of business, to make orders as to the disposition of causes placed upon the calendar and not reached on the day for which they may be set." Mr. Burton had knowledge on 20 January 1968 that this case was on the trial calendar and deemed it necessary to, and had time to write and did write, a letter to the Presiding Judge about it but felt that it was totally unnecessary to request a continuance. It is customary and proper for a lawyer to request a continuance when he has a conflict if he wants the case continued.

"Furthermore, a motion for continuance is addressed to the sound discretion of the trial judge, and in the absence of manifest abuse of such discretion his ruling thereon is not reviewable." *Becker v. Becker,* 262 N.C. 685, 138 S.E. 2d 507; *Watters v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1. In this case there was no motion to continue, and there is no abuse of discretion by the trial judge shown. "Continuances are not favored." *Wilburn v. Wilburn,* 260 N.C. 208, 132 S.E. 2d 332. The only case cited by appellants in their brief, *Randleman v. Hinshaw,* 267 N.C. 136, 147 S.E. 2d 902, is distinguishable from this case. It involved a failure of notice in accordance with statutory procedures of condemnation. Here we have a case on the calendar for a session of court, and counsel for defendants Lang and Cromartie did not move to continue trial of the case and did not appear at the call of the calendar or the trial although he admits he had knowledge on 20 January 1968 that the case was on the calendar for trial on 30 January 1968.

Appellants contend that the judge should have found other facts and that the evidence did not support the court's findings of fact in ordering the case tried or in the judgment dated 2 February 1968 or

in its order denying the motion for a new trial. The appellants also object to the conclusions of law reached in the order of trial, in the judgment dated 2 February 1968, and in the order denying the motion for a new trial. The evidence in this case was submitted under Rule 19(d)(2). Appellants' brief does not comply with the provisions of Rule 19(d)(2). The appeal is subject to being dismissed under Rule 48 for that it does not contain an appendix in which is set forth in succinct language with respect to those witnesses whose testimony is deemed to be pertinent to the questions raised on appeal, what they say the testimony of such witness tends to establish with citation to the page of the stenographic transcript in support thereof.

Defendants Lang and Cromartie contend that they were entitled to a jury trial. Upon an examination of the pleadings, we hold that the matter for determination by the court was whether the plaintiffs or the defendants owned the land involved herein under the terms of the will of W. M. Morrison, and this was not an issue of fact, but one of law involving the construction of the will of W. M. Morrison. *Wells v. Clayton,* 236 N.C. 102, 72 S.E. 2d 16.

The exceptions, other than number eight, in this record on appeal do not comply with Rule 21 which requires that the exceptions shall be *clearly stated and numbered.* These are numbered but do not clearly state, other than Exception No. 8, to what they refer. An assignment of error is ineffectual if not based on a proper exception. *Langley v. Langley,* 268 N.C. 415, 150 S.E. 2d 764.

However, we have carefully examined the record and the evidence and are of the opinion, and so decide, that there is ample evidence to support the necessary findings of fact, and the necessary findings of fact support the conclusions of law of Judge Exum ordering the case tried, and also the judgment dated 2 February 1968 and the order dated 9 February 1968 denying the motion for a new trial.

As to the appeal of Agnes Boger and Allen T. Boger, III, dismissed.

As to the appeal of the defendants Adelaide B. Cromartie, William King Cromartie, Gladys M. Lang and G. L. Lang, Jr., the judgment and orders of the Superior Court are

Affirmed.

BROCK and PARKER, JJ., concur.