SHELOMA RICHARDSON, ADMINISTRATRIX OF THE ESTATE OF CLAYTON C. RICHARDSON, JR. v. GEORGE DEWEY SHERMER

No. 6917SC7

(Filed 5 February 1969)

1. Appeal and Error § 44— failure to file brief

Appellant by failing to file a brief is deemed to have abandoned his objections and exceptions. Rules of Practice in the Court of Appeals Nos. 28 and 48.

2. Appeal and Error § 36— motion to dismiss appeal — noncompliance with Rules

Appellee's motion to dismiss the appeal for failure of appellant to serve statement of case on appeal before docketing, and for failure to comply with Rules of Practice Nos. 5, 16, 18, 19 and 28, is allowed where record fails to show compliance with the Rules or waiver of the Rules, and the Court of Appeals has not been requested to allow any amendments.

APPEAL by defendant from *Gambill, J.,* 9 September 1968 Session of Superior Court of SURRY County.

*R. Lewis Alexander and Perry Henson, shown as plaintiff appellee's attorney on the record. (No brief filed.)*

*Franklin Smith, shown as defendant appellant's attorney on the record. (No brief filed.)*

MALLARD, C.J.

What purports to be a record on appeal in this case was filed in the office of the Clerk of the Court of Appeals on 8 November 1968. No other record on appeal has been filed herein.

The record, by what properly should have been an addendum thereto, shows that the statement of the case on appeal had not been served on the appellee when the purported case on appeal was docketed in this Court.

This purported record reveals that the judgment appealed from was entered 12 September 1968, and no extension of time has been granted in which to docket an appeal herein as provided in Rule 5 of the Rules of Practice in the Court of Appeals.

[1] On appeals from the Seventeenth District, when the record on appeal was docketed by 10:00 a.m. on 31 December 1968, appellant's brief was required to be filed by noon of 7 January 1969. This case was properly on the calendar of this Court for hearing on 28 January 1969. No briefs have been filed. Appellant by failing to file

a brief is deemed to have abandoned his objections and exceptions. *Bost v. Bank,* 1 N.C. App. 470, 162 S.E. 2d 158; Rules of Practice in the Court of Appeals of North Carolina, #28 and #48.

**[2]** Plaintiff appellee on 13 January 1969 filed a proper motion to dismiss the appeal for failure to comply with Rule 5, Rule 16, Rule 18, Rule 19, and Rule 28 of the Rules of Practice in the Court of Appeals, and for failure to serve statement of case on appeal before docketing. On 22 January 1969 defendant appellant filed an answer to the motion. The motion and the answer thereto have been considered. Compliance with the Rules does not appear in the record, a waiver of the Rules does not appear therein, compliance with the Rules has not been dispensed with by a writing signed by the appellee or her counsel, and this Court has not been requested to and therefore does not allow any amendments. See Rule 16. The motion to dismiss the appeal is allowed.

Appeal Dismissed.

BRITT and PARKER, JJ., concur.