HARRELL *v.* BRINSON

On 4 November 1969 he was tried *de novo* in the Superior Court upon the original warrant, and found guilty by a jury.

*Attorney General Morgan, by Assistant Attorney General Melvin, for the State.*

*Childs & Patrick, and James E. Griffin, by Stuart R. Childs, for defendant.*

BROCK, J.

BRITT and HEDRICK, JJ., concur.

—————

J. V. HARRELL AND WIFE, LUCILLE A. HARRELL v. E. L. BRINSON, SR.

No. 703DC293

(Filed 27 May 1970)

Appeal and Error § 39— failure to docket record on appeal in apt time

Appeal is dismissed by the Court of Appeals *ex mero motu* where the record on appeal was not docketed within 90 days after the date of the judgment appealed from, and no order extending the time for docketing was entered by the trial court. Court of Appeals Rule No. 5.

APPEAL by plaintiffs and defendant from *Whedbee, District Judge,* 11 December 1969 Session, CRAVEN District Court.

Plaintiffs instituted this action to recover from defendant, a real estate agent, damages allegedly sustained by plaintiffs by reason of defendant's negligence in giving them advice with respect to the adequacy of a promissory note given to plaintiffs by one Earl A. Northern; and by reason of defendant's negligence in the preparation of said note. In effect plaintiffs seek to recover damages for defendant's negligence in the practice of law.

The case was tried before the district judge sitting without a jury. The judge found that defendant practiced law as alleged; that defendant was guilty of the malpractice of law; awarded compensatory damages to plaintiffs; and did not assess punitive damages.

Plaintiffs and defendant appealed.

*Robert G. Bowers for plaintiffs.*

*David S. Henderson for defendant.*

BROCK, J.

Plaintiffs appealed for failure of the trial judge to award punitive damages. Defendant appealed for failure of the trial judge to grant his motion for nonsuit, and for other alleged errors. We do not pass upon the merits of either appeal.

The judgment appealed from was entered 11 December 1969. The Rules of Practice in the Court of Appeals require that the record on appeal be docketed within ninety days after the date of the judgment appealed from, unless for good cause shown the trial tribunal extends the time for docketing for a period not exceeding sixty days. No order extending the time for docketing was entered for either plaintiffs or defendant. The record on appeal should have been docketed in this Court on or before 11 March 1970; it was docketed here on 31 March 1970.

For failure to comply with the Rules we *ex mero motu* dismiss both appeals.

Appeals dismissed.

BRITT and HEDRICK, JJ., concur.