Chief Judge MALLARD and Judge CAMPBELL concur.

———

ROGER L. CAMPBELL, TRADING AND DOING BUSINESS AS CAMPBELL'S CONTRACTING COMPANY v. SAM McNEIL AND MARY McNEIL

No. 7226DC378

(Filed 2 August 1972)

1. **Appeal and Error § 24— necessity for exceptions**
   An assignment of error is ineffectual if not based on a proper exception. Court of Appeals Rules 19(c) and 21.

2. **Appeal and Error § 49— failure of record to show excluded evidence**
   The exclusion of evidence cannot be held prejudicial where the record does not reveal what the excluded evidence would have been.

3. **Appeal and Error § 39— failure to docket record in apt time**
   Appeal is subject to dismissal where the record on appeal was not docketed within the extended time allowed by the trial court.

4. **Appeal and Error § 39— extension of time to serve case on appeal — effect on docketing time**
   An order extending the time to serve the case on appeal did not extend the time for docketing the record on appeal.

APPEAL by defendants from *Stukes, District Judge,* 25 October 1971 Session of MECKLENBURG District Court.

Plaintiff seeks to recover for balance allegedly due on a contract entered into by the parties for certain improvements made by plaintiff to a house belonging to defendants. Defendants contend that plaintiff failed to pay for materials used, that the work completed was not done in a workmanlike manner, and that the work was not completed. From a judgment in favor of plaintiff for $4,071.00 plus interest, defendants appealed.

*Mraz, Aycock & Casstevens by Nelson M. Casstevens, Jr., for plaintiff appellee.*

*Olive, Howard, Downer & Williams by Carl W. Howard for defendant appellants.*

BRITT, Judge.

For failure to comply with the rules of this court, defendants' appeal is dismissed.

[1] Rule 21 of the Rules of Practice in the Court of Appeals requires that appellants set out in the record on appeal their exceptions to the proceedings, rulings or judgments of the court, briefly and clearly stated and numbered. Defendants failed to do so in this appeal. Rule 19(c) of the Rules of Practice requires that all exceptions relied upon be grouped and separately numbered immediately before the signature to the record on appeal. Defendants did not meet this requirement. An assignment of error is ineffectual if not based on a proper exception. *Bost v. Bank,* 1 N.C. App. 470, 162 S.E. 2d 158 (1968). See *Midgett v. Midgett,* 5 N.C. App. 74, 168 S.E. 2d 53 (1969), cert. den. 275 N.C. 595 (1969).

[2] Even after a meticulous voyage of discovery through the record the only two exceptions noted in the entire record would seem to refer to the court's refusal to admit certain testimony (R. pp. 45, 47) but the record does not reveal what the excluded evidence would have been; therefore, it is impossible for the court to determine if its exclusion was prejudicial. *Gibbs v. Light Co.,* 268 N.C. 186, 150 S.E. 2d 207 (1966); *Payne v. Lowe,* 2 N.C. App. 369, 163 S.E. 2d 74 (1968).

[3, 4] We also note that the judgment in this case was entered on 1 November 1971 and the record on appeal was not docketed

until 21 March 1972, some 141 days later. Rule 5 provides that if the record on appeal is not docketed within 90 days after the date of the judgment appealed from, the case may be dismissed, "provided, the trial tribunal may, for good cause, extend the time not exceeding sixty days for docketing the record on appeal." The record reveals an order extending the time for docketing 20 days but we find no order extending the time to docket the record on appeal 51 days. There are two orders extending the time to serve the case on appeal but an order extending the time to serve case on appeal does not have the effect of extending the time to docket the appeal. *Keyes v. Oil Co.,* 13 N.C. App. 645, 186 S.E. 2d 678 (1972); *Horton v. Davis,* 11 N.C. App. 592, 181 S.E. 2d 781 (1971). For failure to docket within the time permitted by the rules of this court, the appeal should be dismissed. *Owens v. Boling,* 274 N.C. 374, 163 S.E. 2d 396 (1968); *Harrell v. Brinson,* 8 N.C. App. 341, 174 S.E. 2d 142 (1970).

Although for the reasons stated we are dismissing the appeal, we have nevertheless carefully reviewed the record but perceive no prejudicial error.

Appeal dismissed.

Chief Judge MALLARD and Judge CAMPBELL concur.