STATE OF NORTH CAROLINA v. SALVATORE LoSICCO

No. 7212SC639

(Filed 25 October 1972)

**1. Criminal Law § 155.5— failure to docket case on appeal in time**

For failure to docket the case on appeal within the time prescribed, defendant's appeal is subject to dismissal. Court of Appeals Rule 5.

**2. Criminal Law § 166— failure to file brief in time**

For failure properly to file a brief as required by the rules, defendant is deemed to have abandoned his objections and exceptions and his appeal is subject to dismissal. Court of Appeals Rules 28 and 48.

APPEAL by defendant from *Clark, Judge,* 3 April 1972 Criminal Session of Superior Court held in CUMBERLAND County.

On his trial in superior court, the defendant was represented by James F. Van Norman, 106 Third Street, Mineola, New York (who was permitted by the court to appear in this case), and Neil Fleishman, 120 Gillespie Street, Fayetteville, North Carolina.

Defendant was tried upon two bills of indictment, proper in form, charging him with armed robbery. The jury returned a verdict of guilty as charged in each indictment. From judgments imposing concurrent prison sentences on each charge and a recommendation of work release, the defendant appealed to the Court of Appeals.

*Attorney General Morgan and Associate Attorney Conely for the State.*

*No brief was filed for defendant within the time allowed by the rules of this court.*

MALLARD, Chief Judge.

[1] Judgments were entered in this case on 6 April 1972. Rule 5 of the Rules of Practice in the Court of Appeals requires that the record on appeal be docketed in this court by the appellant within 90 days after the date of the judgment. Rule 5 has a proviso allowing the trial tribunal to extend the time (not exceeding 60 days) in which to docket a record on appeal.

In this case there was an order extending the time for service of the case on appeal, but no order appears in this record extending the time for docketing the record on appeal. The Rules of Practice in the Court of Appeals are mandatory and not merely directory. See 3 Strong, N.C. Index 2d, Criminal Law, § 155.5 (Supp. 1972). For failure to docket the case on appeal as required by the rules, this appeal is subject to dismissal.

[2]  The brief of the defendant in this case, pursuant to Rule 28 of the Rules of Practice in the Court of Appeals, was due to be filed by noon of 29 August 1972. No appellant's brief was filed in this court on or before 29 August 1972. Appellee's brief, pursuant to the rules, was due to be filed, and was filed, before noon on 5 September 1972. The case appeared on the calendar for oral argument on 19 September 1972. On 12 September 1972, appellant's New York counsel, James F. Van Norman, filed in this court what was designated as a "MOTION TO EXTEND TIME FOR FILING APPELLANT'S BRIEF." This motion appears on plain legal paper and although the attorney's name appears in typewritten form at the bottom of the page, it does not bear the signature of anyone. This motion was accompanied by what was designated as "ATTORNEYS AFFIDAVIT IN SUPPORT OF MOTION TO EXTEND THE TIME FOR FILING THE APPELLANT'S BRIEF." This undated "affidavit" appears to have been signed with the name of "James F. Van Norman," but it was not sworn to by anyone before any official. In 3 Am. Jur. 2d, Affidavits, § 1, it is stated, "An affidavit is any voluntary ex parte statement reduced to writing and sworn to or affirmed before some person legally authorized to administer an oath or affirmation." The "Motion to Extend Time for Filing Appellant's Brief" was denied by this court in conference on 13 September 1972. On 18 September 1972 at 3:32 p.m., the defendant, notwithstanding this court's denial of his motion for an extension of time to file a brief, attempted to file a brief herein signed by the aforesaid James F. Van Norman and one James Godwin Taylor. Mr. Taylor did not represent the defendant at the trial of this case and according to this record is not now associated with either of the attorneys who appeared at the trial. There appears on this paper writing after the name of James Godwin Taylor the following: "A member in Good Standing of the Bar of the State of North Carolina—34 White Oak Drive, Smithtown, New York 11787." Mr. Taylor appeared

when the case was reached on the call of the calendar on 19 September 1972 and informed this court that although he had been granted a license to practice law in North Carolina and was now practicing in New York, he had not paid the North Carolina State license tax required of all attorneys for the privilege of practicing law in North Carolina and had not sought permission from this court to appear in this case as an out-of-state attorney. Under the circumstances of this case, Mr. Taylor was not permitted to orally argue the case before this court. For failure to properly file a brief as required by the rules, the defendant is deemed to have abandoned his objections and exceptions and his appeal is subject to dismissal under Rules 28 and 48 of the Rules of Practice in the Court of Appeals. *State v. Kirby,* 276 N.C. 123, 171 S.E. 2d 416 (1970); *State v. Dingle,* 209 N.C. 293, 183 S.E. 376 (1936); *LeRoy, Wells, et al v. Taylor,* 9 N.C. App. 66, 175 S.E. 2d 324 (1970); *Bost v. Bank,* 1 N.C. App. 470, 162 S.E. 2d 158 (1968), *cert. denied,* 274 N.C. 274.

Before dismissing the appeal, we have examined the record proper and find no prejudicial error therein.

Appeal dismissed.

Judges BROCK and BRITT concur.