CATHERINE H. DAVENPORT v. THE TRAVELERS INDEMNITY COMPANY (A FOREIGN INSURANCE CORPORATION)

No. 7226DC747

(Filed 22 November 1972)

1. Appeal and Error § 24— necessity for exceptions
    Assignments of error not based on exceptions duly noted in the record are ineffectual. Court of Appeals Rule 21.

2. Appeal and Error § 28— broadside exception — review of record proper
    Defendant's broadside exception in its appeal entries to the "Findings of Fact, Conclusions of Law and Judgment entered thereon" did not bring up for review the findings of fact or the evidence on which they were based; however, the appeal itself was sufficient to present the record proper for review.

APPEAL by defendant from *Winner, District Judge,* 29 May 1972 Session of District Court held in MECKLENBURG County.

Plaintiff sued to establish defendant's liability on a judgment entered on 11 September 1967 for $5,000 damages for personal injuries awarded by a jury to plaintiff after a hearing on default and inquiry arising out of the operation of the Mills Motor Company, said judgment having been entered against Thomas Mills as one of two partners trading as Mills Motor Company.

At the time the aforesaid judgment was entered, defendant herein was obligated under a contract of insurance with Thomas Mills, t/a Mills Motor Company, upon certain terms and condi-

tions, to insure Mills in his business for any bodily injury aris-
ing out of the operations of the business which Mills should
become legally obligated to pay while the insurance contract
was in force and effect.

The action was tried before the court, without a jury, upon
stipulated facts and oral testimony given by the plaintiff and
the defendant's claims supervisor from Charlotte, North Car-
olina. The court made detailed findings of fact and conclusions
of law thereon and gave judgment for the plaintiff for $5,000,
with interest at the rate of 6% from 11 September 1967, the
costs of the former action and the costs of the present action.
Defendant appealed, assigning error.

*Don Davis for plaintiff appellee.*

*Boyle, Alexander & Hord by Robert C. Hord, Jr., for de-
fendant appellant.*

MALLARD, Chief Judge.

[1]　This trial was by the court without a jury. Defendant has
four assignments of error, but none of them is based on an
exception duly noted in the record and numbered in accordance
with Rule of Practice in the Court of Appeals No. 21. In the
appeal entries it is stated that the defendant "in apt time
objects and excepts to the Findings of Fact, Conclusions of Law
and Judgment entered thereon," and this is the only place in
the record that the defendant excepted. The defendant does not
refer to this or any other exception in its assignments of error.
An assignment of error must be based upon an exception duly
noted; otherwise it is ineffectual. *Hunt v. Davis,* 248 N.C. 69,
102 S.E. 2d 405 (1958) ; *Campbell v. McNeil,* 15 N.C. App.
559, 190 S.E. 2d 383 (1972) ; *Bost v. Bank,* 1 N.C. App. 470,
162 S.E. 2d 158 (1968).

[2]　Furthermore, defendant made a broadside exception in its
"Appeal Entries" to the "Findings of Fact, Conclusions of Law
and Judgment entered thereon." This broadside exception in the
appeal entries does not bring up for review the findings of fact or
the evidence on which they were based. *Sweet v. Martin,* 13 N.C.
App. 495, 186 S.E. 2d 205 (1972). However, the appeal itself
was sufficient to present the record proper for review and to
raise the question whether error of law appears on the face of
the record. *In re Appeal of Broadcasting Corp.,* 273 N.C. 571,

160 S.E. 2d 728 (1968); 1 Strong, N. C. Index 2d, Appeal and Error, § 28. A review which is limited to the face of the record proper presents the questions whether the facts found support the judgment and whether the judgment is regular in form, but it does not present for review any question as to the findings of fact or the sufficiency of the evidence to support the findings of fact. *Fishing Pier v. Town of Carolina Beach*, 274 N.C. 362, 163 S.E. 2d 363 (1968); 1 Strong, N. C. Index 2d, Appeal and Error, § 26.

We have reviewed the record proper and are of the opinion that the judgment in this case is regular in form, that the facts found by the court support the conclusions of law in the judgment, and that no prejudicial error appears therein.

No error.

Judges BROCK and BRITT concur.