### THE STATE v. MOSES TYTUS.

*Indictment—Larceny—Burglary.*

An indictment, containing but one count, alleging that the defendant "unlawfully and wilfully did enter, in the night-time, a gin-house, in which there was cotton, meal and other personal property, with intent to commit the crime of larceny," and that "he was found by night in said house, with intent to commit the crime of larceny," sufficiently charges both of the offences prohibited by §§996 and 997 of *The Code.*

(*State* v. *Brown,* 2 Wins., 54; *State* v. *Fore,* 1 Ired., 378; *State* v. *Stanton,* Ibid., 424, and *State* v. *Harper,* 64 N. C., 129, cited).

INDICTMENT, tried before *Connor, Judge,* at Fall Term, 1887, of ANSON Superior Court.

It is charged that the defendant, 'on the tenth day of June, in the year of our Lord one thousand eight hundred and eighty-seven, with force and arms, at and in the county aforesaid, unlawfully and wilfully did enter the gin and mill house of one B. V. Henry, there situate, and in which said house there was at that time cotton, meal and other personal property, in the night-time, and with intent to

45

commit the crime of larceny, and that the said Moses Tytus was found by night in said house with intent to commit the crime of larceny, against the form of the statute in such case made and provided, and against the peace and dignity of the State."

There was a verdict of guilty, and motion for a new trial, which was overruled. The defendant then moved in arrest of judgment, which was also overruled. Judgment and appeal.

*The Attorney General* and *Mr. E. C. Smith,* for the State.
No counsel for the defendant.

DAVIS, J., (after stating the case). The only question presented by the record for our consideration arises upon the motion in arrest of judgment.

Section 996 of *The Code* enacts, among other things, that if any person "shall break and enter a store-house * * * or other building where any merchandise, chattel, money, valuable security, or other personal property shall be, * * * with intent to commit a felony or other infamous crime therein, every such person shall be guilty," &c.

Section 997, among other things, enacts, if any person "shall be found by night in any such building (dwelling or other building whatsoever), with intent to commit a felony or other infamous crime therein, such person shall be guilty," &c.

The indictment contains, in one and the same count, both charges, not set out, it is true, in the language, but in a manner sufficiently "plain, intelligible and explicit" to express the charges against the defendant, within §1183 of *The Code.* It has often been said that it is generally proper and safe, and therefore better, in an indictment for an offence created by statute, to describe it in the words of the statute. There are some exceptions, as was said in *State* v. *Harper,* 64

N. C., 129, and *State* v. *Stanton*, 1 Ired., 424. An adherence to this general rule would, in many cases, remove doubt and uncertainty, as in this case.

Larceny is both a felony and an infamous crime, and the charge, "with intent to commit the crime of larceny," we think sufficient, and as the crimes created by the two sections are of a "cognate character," they may be united in one count, or at all events, these objections come too late after verdict, as "sufficient matter appears to enable the Court to proceed to judgment." *The Code*, §1183. As was said by DANIEL, Judge, in *State* v. *Fore*, 1 Ired., 378: "If the sense be clear, and the charge sufficiently explicit to support itself, nice objections ought not to be regarded."

In the days of slavery it was an offence to permit a slave to hire his owner's time. Rev. Code, chap. 107, §29. In the *State* v. *Brown*, 2 Wins., 54, (Hinsdale's Edition, 448,) the same count contained charges for both offences, and after 'verdict the Court refused to allow a motion in arrest of judgment, and said that the objection, if available at all, should have been taken upon a motion to quash.

The Court below properly refused to allow the motion, and there is no error.

Affirmed.