STATE v. C. E. RIDGE.

(Decided November 28, 1899.)

*Indictment—Forgery—Variance—Judge's Charge.*

1. Where the indictment charges the forgery of a certain instrument in writing, and the paper introduced in evidence is partly printed and partly in writing, there is no ground for exception on that account. An instrument signed by a party is, in legal parlance, the paper writing of such party.

2. A variance now, since sec. 1183 of The Code, to be fatal, must be substantial and material.

3. As a general rule, an omission to charge upon any point is not error; if fuller instructions are desired they should be asked for in apt time. The presumption is that proper instructions were given.

INDICTMENT for the forgery of a county order on treasurer of Randolph County, tried before *Robinson, J.,* at July Term, 1899, of the Superior Court of RANDOLPH County. The defendant was convicted, and from the judgment rendered appealed to the Supreme Court.   The exceptions taken are noted in the opinion.

*Mr. J. T. Morehead,* for appellant.
*Attorney-General,* for State.

CLARK, J. This indictment was for forgery. The defendant excepted because the indictment charged the forgery of "a certain instrument in writing" (which is properly set forth), whereas, the paper introduced in evidence was partly printed and partly in writing. To the same objection, in *State v. Jones,* 1 McMullan (S. C.), 236, which was an indictment for forgery, it is well said: "There is unquestionably nothing in this ground. An instrument signed by a party is, in legal parlance, the paper writing of such party. It is his signature to it which gives it that character, and not the body of the instrument. In a declaration on a note of hand it is described as a note in writing, although every word except the signature may be in print. So of a bond partly written and partly printed, it is said to be the 'writing obligatory' of the party executing it."

The forged paper was alleged to be a county order, and that the forgery was with intent to defraud the treasurer of the county of Randolph. The defendant excepted, because the paper introduced in evidence differed from that specifically set forth in the indictment, in that the additional words "Randolph County" were printed in the margin. The omission of those words from the indictment was cured by sec. 1183 of The Code, and if there is a variance at all, it could not have misled or prejudiced the defendant in any way, and was immaterial variance. The peculiar strictness required at common law in criminal proceedings was due to the severity of the punishment, and the denial to prisoners, in most cases, of the benefit of counsel, and of the right to compel attendance of witnesses for the defense, or to cross-examine the witnesses for the Crown. With the more humane prac-

tice now in force, the cause for the former rigorous techni-
calities has disappeared.   The variance should be substantial
and material, now, to be fatal.   *Tremble v. State,* 4 Blacf.,
435; *Stevens v. Stebins,* 4 Ill., 25; *Thomas v. State,* 103
Ind., 419, 437; *Regina v. Wilson,* 2 C. and P., 527; *McDow-
ell v. State,* 58 Ark., 242; *State v. Harris,* 106 N. C., at p.
689; *State v. Barnes,* 122 N. C., 1031.

There were prayers for instructions refused, but they
raised the same points that were presented by the exceptions
to evidence, which have been discussed.

The further exception in the brief, that the Judge did not
charge as to other matters, is not made in the case on appeal,
and the Judge is not presumed to have sent up that part of the
charge not bearing on the exceptions taken.   *Watkins v
Railroad,* 116 N. C., 961.   The presumption is that proper
instructions were given.   *State v. Powell,* 106 N. C., 635;
*State v. Brabham,* 108 N. C., 795; *State v. Cox,* 110 N. C.,
503.   Besides, as a general rule, an omission to charge upon
any point is not error.   If the party wishes fuller instruction,
he should ask for it by prayers in apt time.   See case cited
in Clark's Code, sec. 412 (3); *State v. Wolf,* 122 N. C., 1079.

No error.