STATE v. SYLVESTER GOFFNEY.

(Filed 20 December, 1911.)

1. Indictment—Housebreaking—"Felonious"—Motion in Arrest of Judgment.

An indictment under Revisal, sec. 3333, for housebreaking, is sufficient when charging "that defendant did break and enter (otherwise than burglarious breaking) the storeroom and house, etc., with intent to commit a felony, to wit, with intent the goods, etc., etc., feloniously to steal, etc.," and is not defective for the failure to allege that the breaking and entering was feloniously done, there being no distinction between the words "unlawfully breaking" and "entering with the intent to commit a felony"; and a motion in arrest of judgment on that ground should be denied.

2. Housebreaking—Act Procured—Lawful Entry—Felonious Intent.

In order to convict of housebreaking under Revisal, sec. 3333, there must have been an unlawful entry by the prisoner, and when the owner has procured the act to be done by the prisoner in company with and at the instance of the one selected by the owner for the purpose, the entry is lawful, and no crime is shown to have been committed, whatever the intent of the prisoner may have been at the time.

APPEAL from *Cooke, J.,* at September Term, 1911, of WILSON.

Indictment for housebreaking under section 3333 of Revisal. There was a verdict of guilty. The court sentenced defendant to three years on the roads. Defendant appealed.

*Attorney-General T. W. Bickett and Assistant Attorney-General G. L. Jones for the State.*

*Daniels & Swindell for defendant.*

BROWN, J.  1. The defendant moved in arrest of judgment because the word felonious is not charged in the bill.  The charge is that defendant did break and enter (otherwise than by burglarious breaking) the storeroom and house of George Barnes and Joe Barnes, partners, etc., with intent to commit a felony, to wit, with intent the goods, etc., of said Barnes Bros., etc., feloniously to steal, etc.

The defendant attacks the bill of indictment for the reason that it does not allege that the breaking and entering into the storeroom was feloniously done.

We think this exception is without merit.  The indictment alleges that the defendant did break and enter with intent to commit a felony.  We are unable to draw any distinction between the words unlawfully breaking and entering with the intent to commit a felony, and the words unlawfully and feloniously breaking and entering with the intent to commit a felony.

Using the word felonious as it is used in the indictment defines the offense as accurately as if it were repeated.  In other words, if one breaks into a house with intent to commit a felony, he feloniously breaks into the house.  The indictment follows the wording of the statute.

An indictment like the one at bar in this respect was held good in the case of *S. v. Tytus,* 98 N. C., 705; see, also, *S. v. Staton,* 133 N. C., 643.

2. It is contended by the learned counsel for defendant in a well-prepared brief that upon the State's evidence no crime has been committed, and with this position we fully agree.

There were only two witnesses examined.  Barnes, the prosecutor and owner of the storehouse, testified: "I know the defendant, have known him for four years.  He has been in my employ for several years, during which time I found him honest; he assisted me in my store and business a portion of the time.  In consequence of statements made to me by Richard Farmer, a

157—40

negro boy in my employ, I instructed Richard to induce defend-
ant to break in my store. On the night of 7 July, Policeman
Wynne, myself, and others watched the store, and about 12
o'clock we saw the defendant, Sylvester Goffney, and Richard
Farmer go to the store, and saw defendant Goffney remove tacks
holding a windowpane and remove the window and enter the
store. Richard Farmer immediately afterwards also entered
the store through the same window. Policeman Wynne, myself,
and others who were watching the store, after firing pistols,
entered the store and arrested the defendant Goffney, and
required said Farmer to accompany us." The only other witness
corroborated Barnes.

It is held in this State and elsewhere that larceny cannot be
committed when the owner through his agent consents to the
taking and asportation, though such consent is given for the pur-
pose of apprehending the felon. *S. v. Adams,* 115 N. C., 775.
In that case it is said: "Although the intent to steal certain
property is formed and carried out, the perpetrator is not guilty
of larceny if he has been persuaded by a servant of the owner,
at the latter's instance, to commit the theft."

In the opinion *Mr. Justice Clark* well says: "The object of
the law is to prevent larceny by punishing it, not to procure the
commission of a larceny that the defendant may be punished."

In the case at bar it appears that Barnes, the owner of the
building entered, *directed* his servant Richard Farmer to induce
the defendant to break in his (Barnes') store; that the servant
obeyed his orders, and that he and defendant entered the store
together, and that Barnes was present watching them, and
arrested defendant after he entered.

If it were possible to hold the defendant guilty of a felony
under such circumstances, then Barnes could be likewise con-
victed of feloniously breaking and entering his own store, for
he was present aiding and abetting the entry of the defendant
and induced him to enter. That would of course be a legal
absurdity.

Mr. Desty says: "Where the owner was apprised of the pro-
posed burglary, and his servant, procuring the keys from his
master, accompanied the burglar, and entered the premises,

there could be no conviction." Desty's Am. Crim. Law, p. 486. See, also, Wharton's Crim. Law (9 Ed.), secs. 915, 766-770; Reg. v. Johnson, Car. and M., 218; Allen v. State, 40 Ala., 334 (1 Am. Dec., 476); People v. Collins, 53 Cal., 185; Mace v. State, 9 Tex. App., 110; Speiden v. State, 3 Tex. App., 156; 30 Am. Rep., 126; Williams v. State, 55 Ga., 391; 2 Russell (9 Ed.), 10; 3 Am. and Eng. Enc. Law, 662; 1 Bishop Crim. Law (4th Ed.), 570.

In Love v. People, reported in 32 L. R. A., 139, the building of one Hoag was entered by Robinson, Love, and others. Robinson was a hired detective, but posed among the others as one of them, and entered the building with the others. Robinson entered the building with the consent of Hoag. The Court held that Robinson having entered with the consent of the owner, committed no burglary, and that no burglary was committed, because of the absence of felonious intent. The defendants Love and others could not have been accomplices or privy to a burglary, because none was committed. Love v. People, 32 L. R. A., 139; many cases cited.

In Reg. v. Johnson, Car. and M., 218, where a servant, after having been approached to aid in robbing his master's house, pretended to consent, and then informed the police, who told him to proceed; he then went out and found the defendants and took them to the house of his master, letting them in through the door, it was held that they could not be convicted of burglary.

In the case of Speiden v. State, 3 Texas App., 30 Am. Rep., 136, the defendant was indicted for burglary by breaking into a bank with intent to commit larceny. The Court says: "In the case at bar the detectives cannot be considered in any other light than as the servants and agents of the bankers, Adams & Leonard. They (the detectives) had the legal occupancy and control of the bank. Two of them made arrangements with the defendants to enter it, and defendant when arrested had entered the bank at the solicitation of these detectives, who were rightfully in possession, with the consent of the owners. This cannot be burglary in contemplation of law, however much the defendant was guilty in purpose and intent."

It is said in Cyc., p. 181: "There is no burglary where the occupant of a house, or his servant or agent by his direction, or a public officer or detective with his consent . . . takes active steps to aid the suspect or to induce him to enter, although this may be done for the purpose of apprehending and prosecuting him, and although he may intend to commit a felony in the house." 6 Cyc., 181.

We recognize the principles laid down in *S. v. Smith,* 152 N. C., 798, but there is an obvious distinction between that case and this. In that case it is properly held that the fact that a party was deceived into a violation of the liquor laws of the State by a detective will not be a justification. In the case at bar the owner himself gave permission for the defendant to enter, which destroyed the criminal feature and made the entry a lawful one.

Upon the facts in evidence no crime was committed, because the entry was with the consent and at the instance of the owner of the property.

His Honor should have directed a verdict of not guilty.

Reversed and the proceeding

Dismissed.