## STATE v. JOHN HARDISON.

(Filed 19 September 1962.)

**1. Criminal Law § 161—**

An error in charging that the burden was on the State to prove an element of the offense "by the greater weight" of the evidence, rather than "beyond a reasonable doubt," must be held prejudicial.

**2. Criminal Law § 151—**

The record imports verity and the Supreme Court is bound thereby.

**3. Criminal Law § 164—**

Where separate prosecutions are consolidated for trial and but a single judgment is pronounced upon conviction of both offenses, upon granting a new trial on one of the charges the cause must also be remanded for judgment on the other charge, since the judgment may have been augmented by reason of the conviction on both charges.

APPEAL by defendant from *Parker (J. W.), J.,* June 1962 Term of CRAVEN.

Criminal prosecution upon two informations signed by the solicitor for the State, each information charging a noncapital felony case, and wherein there appears on the face of each information a written waiver of the finding and return into court of a bill of indictment signed by the defendant and his counsel, Charles L. Abernethy, Jr., in conformity with the regulations prescribed by the General Assembly, and contained in G.S. 15-140.1. Without objection the two informations were consolidated by the court for trial.

Information #5820 charges the defendant with fraudulently uttering and publishing a forged cheque, dated 20 March 1959, drawn on the First-Citizens Bank and Trust Company of New Bern for $50.23, payable to the order of Leeroy Tripp, and signed Nello L. Teer, Jr., Auditor, under the printed name Nello L. Teer Company, and endorsed Leeroy Tripp and N. F. Godwin. Information #5821 charges the defendant with fraudulently uttering and publishing a forged cheque, dated 20 March 1959, drawn on the First-Citizens Bank and Trust Company of New Bern for $57.24, payable to the order of Leeroy Tripp, and signed Nello L. Teer, Jr., Auditor, under the printed name Nello L. Teer Company, and endorsed Leeroy Tripp and N. F. Godwin.

Plea: Not Guilty. Verdict: Guilty in both cases.

From a single judgment of imprisonment for not less than five years nor more than eight years in the State Prison, defendant appeals.

STATE v. HARDISON.

*Attorney General T. W. Bruton and Assistant Attorney General Harry W. McGalliard for the State.*

*Charles L. Abernethy, Jr., for defendant appellant.*

PER CURIAM. Defendant assigns as error the overruling of his motion for judgment of compulsory nonsuit as to both informations made at the close of the State's evidence—the defendant offered no evidence. A careful study of the evidence presented by the State shows that it is sufficient to carry the case to the jury on both informations under the decisions of this Court. *S. v. Coleman,* 253 N.C. 799, 117 S.E. 2d 742; *S. v. Cranfield,* 238 N.C. 110, 76 S.E. 2d 353; *S. v. Ridge,* 125 N.C. 655, 34 S.E. 439; 37 C.J.S., Forgery, sec. 34. Defendant's motion for judgment of compulsory nonsuit on both informations was properly overruled by the trial court.

Defendant's assignments of error to the admission of evidence over his objection and exception have been examined, and are overruled.

The court in the crucial part of its charge to the jury in respect to the applicable law on information #5820 charging the defendant with fraudulently uttering and publishing a forged cheque in the sum of $50.23 instructed the jury, *inter alia,* "and that you further find from the evidence and by the greater weight that at the time he passes this cheque that the same was counterfeit, was forged, and he knew the same to have been false, forged or counterfeited at the time, then it would be your duty to return a verdict of guilty as to that indictment (sic)." Defendant assigns this part of the charge as error. This assignment of error is good, and on this information he is entitled to a new trial, and it is so ordered. *S. v. Gause,* 227 N.C. 26, 40 S.E. 2d 463. Most probably, the manifest error as to the degree of proof in the words "from the evidence and by the greater weight" was a *lapsus linguae* or an error in transcribing, but it is in the record, and we are bound by it.

Defendant's assignments of error as to the court's charge to the jury in respect to information #5821 charging the defendant with fraudulently uttering and publishing the $57.24 cheque are without merit, and are overruled. The trial in respect to that information is without error.

The jury returned a verdict of guilty in each of the two informations against the defendant. After the verdict the court rendered a single judgment of imprisonment upon the verdict. A new trial being awarded for error in the trial of one of the informations, it would seem that justice requires that the single judgment be set aside and the cause remanded for a proper judgment upon the verdict rendered in the other information in which no error is made to appear in the trial.

The Court speaking by *Bobbitt, J.,* in *S. v. Stonestreet,* 243 N.C. 28, 89 S.E. 2d 734, said:

> "Where two or more indictments or counts are consolidated for the purpose of judgment, and a single judgment is pronounced thereon, even though the plea of guilty or conviction on one is sufficient to support the judgment and the trial thereon is free from error, the award of a new trial on the other indictment(s) or count(s) requires that the cause be remanded for proper judgment on the valid count. 'Pesumably this (the single judgment) was based upon consideration of guilt on both charges.' *Devin, J.,* later *C.J.,* in *S. v. Camel,* 230 N.C. 426, 53 S.E. 2d 313; also, see *S. v. Braxton,* 230 N.C. 312, 52 S.E. 2d 895. But the rule is otherwise when, as here, separate judgments, each complete within itself, are pronounced on separate indictments or counts. In such case, a valid judgment pronounced on a plea of guilty to a valid count in a bill of indictment will be upheld. *S. v. Thorne, supra; S. v. Calcutt,* 219 N.C. 545, 15 S.E. 2d 9."

The result of the decision is this: The judgment entered below will be set aside and the case remanded for judgment on the verdict upon information #5821; and for a new trial upon information #5820.

In Information #5820 — New trial.

Information #5821 — Remanded for judgment.