STATE OF NORTH CAROLINA v. WILLIE LEE BARBER AND DANIEL TERRY

No. 6926SC251

(Filed 18 June 1969)

**1. Criminal Law § 115—  joint trial — instruction as to possible verdicts**

Where the evidence against each of the two defendants charged was not identical, the trial court should submit the question of the guilt or innocence of each separately, and an instruction which requires the jury to find both defendants guilty as charged or both not guilty is error.

**2. Burglary and Unlawful Breakings § 7—  felonious breaking and entering — instructions on intent**

An instruction that the defendants would be guilty of felonious breaking and entering if the jury should find that defendants broke or entered a motel room with intent to commit the crime of larceny "or other infamous crime" *is held* erroneous where the defendants were not charged with the intent to commit any crime other than larceny.

**3. Larceny § 10—  punishment**

Nothing else appearing, larceny of goods of the value of not more than two hundred dollars is a misdemeanor for which the maximum imprisonment is two years. G.S. 14-72.

**4. Larceny § 8—  felonious larceny — goods less than $200,— instructions**

In a prosecution charging defendants with the larceny of goods of the value of less than $200 after breaking and entering with intent to steal, failure of the trial court to instruct the jury that in order to convict of the felony of larceny they must find the goods were stolen after the building was broken or entered with intent to steal, *held* error.

**5. Criminal Law § 154—  record on appeal — duty of appellant**

It is the duty of the appellant to see that the record is properly made up and docketed in the Court of Appeals.

**6. Concealed Weapons § 2— punishment — excessive sentence**
    Sentence of ten years imprisonment imposed upon conviction of the of-
fense of carrying a concealed weapon is in excess of the two-year maximum
permitted by statute. G.S. 14-269.

APPEAL by defendants from *Falls, J.*, 6 January 1969 Schedule "B" Session of Superior Court of MECKLENBURG County.

The defendants were tried upon what purports to be a written information in the form of a bill of indictment, signed by the Solicitor. In this they are charged with the felony of breaking and entering with intent to steal, with the felony of larceny of a television set and a watch of the value of $125.00 after breaking and entering with intent to steal, and with the misdemeanor of receiving said property knowing it to have been stolen. Each charge begins with the words "The Jurors for the State upon their oath present." This instrument was not returned by the grand jury as a true bill but following it on the record appears the following words signed by each defendant and his attorney:

> "The foregoing information has been read and explained to me and I do hereby waive the finding of a bill of indictment by the Grand Jury upon the advice of my attorney and counsel. I have requested my counsel to sign this waiver."

There is no warrant, bill of indictment, or waiver thereof in this record charging the defendant Daniel Terry with carrying a concealed weapon in violation of G.S. 14-269.

Each defendant pleaded not guilty. Trial was by jury. The verdict was guilty as to both defendants of the crime of "breaking into and entering the room 909 of the James Lee Motor Inn with the felonious intent to commit the felony of larceny or other infamous crime therein." The verdict was guilty as to both defendants "of the larceny of the Timex Lady's Wrist Watch." The verdict was guilty as to Daniel Terry of "carrying a concealed weapon."

The judgment as to Willie Barber was:

> "In the count charging felonious breaking and entering, IT IS THE JUDGMENT OF THE COURT that the defendant be confined in the State Prison in Raleigh, North Carolina at hard labor for ten years. In the count charging larceny by reason of felonious breaking and entering, IT IS THE JUDGMENT OF THE COURT that the defendant be confined in the State's Prison in Raleigh for a period of ten years. This sentence to commence at the expiration of the sentence pronounced in the breaking and entering count

and is to be served separate from, and in addition thereto, and not to run concurrently therewith."

The judgment as to Daniel Terry was:

"In the case of Daniel Terry 68-CR-201 and 68-CR-202, consolidated for the purpose of Judgment. * * * IT IS THE JUDGMENT OF THE COURT that the defendant be confined in the State's Prison in Raleigh, North Carolina for ten years."

The defendants assign error and appeal to this Court.

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis, and Trial Attorney J. Bruce Morton for the State.*

*T. O. Stennett for defendant Willie Lee Barber appellant.*

*Robert F. Rush for defendant Daniel Terry appellant.*

MALLARD, C.J.

The State's evidence tended to show that on 30 October 1968 Miss Laura Blanch Smith lived in room 909 at the James Lee Motor Inn in Charlotte. Miss Smith testified that she had retired and gone to sleep on the night of 29 October 1968 and was awakened by the defendant Barber knocking on her door a little after ten o'clock. She had never seen Barber before this occasion. Barber told her that a gentleman wanted to see her downstairs. She didn't go, but closed the door, left a light on in her room and went back to bed. She was awakened again after midnight and Barber was in her room. When she jumped out of bed, Barber grabbed her and began choking and beating her. In doing so he knocked two of her teeth out causing her mouth to bleed and she also received two fractured ribs. Defendant Terry entered the room a few seconds after defendant Barber. She also testified that while Barber was beating and choking her Terry "was just scurrying around the room, dismantling things and getting the television loose, I assume." After the defendants tied her feet and tried to gag her and tie her hands behind her back, they left together. Barber took from her room a television set that she had borrowed from Mrs. Tommy Howell. After the defendants left her room Miss Smith's Timex ladies wrist watch was missing. The State's evidence further tends to show that when the defendants were arrested at approximately 12:30 A.M. they were together and the defendant Barber dropped Miss Smith's Timex watch and the police officer recovered it. The police officer did not see the defendants with a television set. No evidence was offered as to any specific value of the Timex

watch owned by Miss Smith. The watch was offered into evidence against the defendant Barber but not against the defendant Terry.

Neither of the defendants testified or offered any evidence.

[1]   Defendants contend that since the evidence against each defendant was not identical, the trial judge committed prejudicial error in failing to instruct the jury that they could convict or acquit one or both of the defendants. In the case of *State v. Massengill,* 228 N.C. 612, 46 S.E. 2d 713 (1948), the Supreme Court said, "The evidence against the three defendants was not identical as to each, and the jury should have been instructed they had the right, if they so found the facts to be, to convict or acquit one or more of them. The defendants were entitled to have the question of the guilt or innocence of each, on the evidence presented, submitted to the Jury."

In the case before us the record reveals that the trial judge failed to instruct the jury that they could convict one defendant and acquit the other on the charges of breaking and entering and larceny. The jurors were limited in the verdicts they were instructed they could return on these counts to finding both defendants guilty as charged or both not guilty.

The evidence in this case was not identical. Under the circumstances of this case each defendant had the right to have his case considered by the jury solely on the evidence presented and admitted against him. It was the duty of the trial judge to declare and explain the law arising on the evidence given against each defendant. It was the duty of the jury to give consideration to the guilt or innocence of each defendant. We think it was prejudicial error to fail to instruct the jury they could convict or acquit one or both of the defendants on the charges of breaking and entering, and larceny.

[2]   The court in its charge to the jury as to the first count informed the jury that it would be their duty to return a verdict of guilty of felonious breaking and entering if the defendants "broke into or entered the said room with intent to commit the crime of larceny *or other infamous crime.*" (Emphasis added). The vice in this instruction is that the defendants were not charged in the "information" with the intent to commit any crime other than larceny.

The court, after instructing the jury as to the first count of breaking or entering, said:

   "So, regardless of how you find as to the first count, Members of the Jury, you will, [then consider and determine whether the defendants are guilty of the crime of larceny as charged in the

second count in the Bill of Indictment. If you find from the evidence and beyond a reasonable doubt that the defendants took and carried away the property of Miss Smith, that is, a wrist watch, that the same was carried away without the consent of Miss Smith and against her will, that such property was taken and carried away by the defendants with the felonious intent to deprive her, that is, the rightful owner of her property permanently and convert the same to their own use, that is, the defendants' use or to the use of some person other than the true owner, if you find these to be the facts beyond a reasonable doubt, then it would be your duty to render a verdict of guilty. If you fail to so find, it would be your duty to render a verdict of not guilty, or if upon a fair and impartial consideration of all the facts and circumstances in the case you have a reasonable doubt as to the defendants' guilt, it would be your duty to give them the benefit of such doubt and to acquit them.]"

Although the defendants except and argue the insufficiency of the above portion of the charge on larceny in brackets with respect to the failure of the judge to properly present to the jury the guilt or innocence of each defendant, we think it proper and appropriate to discuss other error appearing therein.

**[3, 4]** Nothing else appearing, larceny of goods of the value of not more than two hundred dollars is a misdemeanor. G.S. 14-72. The maximum imprisonment for the misdemeanor of larceny is two years. *State v. Ford,* 266 N.C. 743, 147 S.E. 2d 198 (1966). G.S. 14-72 divides the crime of larceny into two degrees, one a misdemeanor, the other a felony. *State v. Andrews,* 246 N.C. 561, 99 S.E. 2d 745 (1957). The defendants were charged in the "information" with larceny of goods of the value of less than $200.00 after breaking and entering with intent to steal. The court did not give the jury any instructions with respect to the value of the watch that was stolen. Neither did the court instruct the jury that in order to convict of the felony of larceny as charged in this case, they must find that the watch was stolen after the building was broken or entered with intent to steal. The failure to do so was prejudicial error. If the watch had some value and was stolen after a felonious breaking or entering, the larceny thereof was a felony regardless of its value. If it was stolen without a felonious breaking or entering, the larceny thereof was a misdemeanor if its value was not more than two hundred dollars. In this case there was no evidence of the value of the watch other than circumstantial evidence tending to show it had some value. The jury found the defendants guilty of larceny, but there is nothing in the

verdict to indicate whether the jury found them guilty of the misdemeanor of larceny or the felony of larceny.

**[5, 6]**    The defendant Daniel Terry also appealed from the conviction of carrying a concealed weapon. The warrant, if there is one, is not included in this record. It is the duty of the appellant to see that the record is properly made up and docketed in the Court of Appeals. *State v. Stubbs*, 265 N.C. 420, 144 S.E. 2d 262 (1965). There is no assignment of error specifically relating to the charge of carrying a concealed weapon, and no error with respect thereto appears upon the face of the record other than the judgment of imprisonment for ten years is excessive if, as indicated, case number 68-CR-202 is the case against the defendant Daniel Terry for carrying a concealed weapon. The maximum imprisonment that may be imposed upon a defendant convicted of carrying a concealed weapon in violation of G.S. 14-269 is two years. See also *State v. Caldwell*, 269 N.C. 521, 153 S.E. 2d 34 (1967). In the case before us this charge was consolidated for punishment with the felony of breaking and entering and larceny and a sentence of ten years was imposed. This judgment of ten years imprisonment on the charge of carrying a concealed weapon is in excess of that permitted by statute; it is therefore ordered that the sentence be vacated and it is hereby remanded to the Superior Court of Mecklenburg County in order that proper judgment may be imposed.

Defendants bring forward and argue other assignments of error which may not recur on a new trial, and we do not deem it necessary to discuss them.

The result is, as to the charge against Daniel Terry for carrying a concealed weapon, the sentence is vacated and the cause remanded for proper judgment.

The result is, as to the charges of breaking and entering, larceny, and receiving, as set out in the "information," both defendants are entitled to a new trial.

New trial.

BRITT and PARKER, JJ., concur.