STATE OF NORTH CAROLINA v. RONALD MOSS THOMPSON

No. 7019SC265

(Filed 27 May 1970)

**1. Burglary and Unlawful Breakings § 5;   Larceny § 7—   felonious intent — sufficiency of evidence**

In a prosecution charging defendant with felonious breaking and entering and with larceny, State's evidence that around midnight the defendant and a companion broke the glass door of a hardware store and took away guns and ammunition *held* sufficient to show a present intent on the part of defendant to take property belonging to another and convert it to his own use.

**2. Witnesses § 7—   corroborative testimony**

Evidence which tends to corroborate a party's witness is competent and is properly admitted upon the trial for that purpose.

**3. Criminal Law § 89—   corroborative testimony — admissibility**

Testimony of a police officer was admissible to corroborate the testimony of the State's witnesses relating to a robbery, and there is no merit to defendant's contention that the evidence should have been excluded on

the ground that the State's witnesses were indefinite as to the date and time of the robbery while the officer's testimony was of "convincing assurance."

APPEAL by defendant from *Martin, Robert M., S.J.,* October 1969 Session, CABARRUS Superior Court.

Defendant was tried upon a bill of indictment, proper in form, charging him with felonious breaking and entering and larceny. There was an accompanying charge of receiving which was not pursued by the State. The defendant, through his court-appointed attorney, entered a plea of not guilty to each count.

Evidence presented by the State tended to show that the defendant and three others were riding in an automobile driven by Steven Finger in Kannapolis, N. C., on 13 January 1969 and that at about midnight they parked near the Centerview Hardware Store. The defendant and Sam Cruse broke the glass in the front door of the store and took guns and ammunition. The property was put in the trunk of Finger's automobile. Finger took his three passengers to the Bethel section of Kannapolis whereupon the defendant, David Lee Higgins, and Cruse removed the stolen property from the trunk. This evidence was related in testimony by Steven Finger and David Lee Higgins and was corroborated by the testimony of Lieutenant H. E. Tucker of the Kannapolis Police Department. The State offered the testimony of W. B. Moore, the owner-operator of Centerview Hardware, who testified that he was informed of the robbery by the Kannapolis Police Department and thereafter went to his store and observed the condition of the front door and made a list of missing property of the value of $550.40.

The defendant offered the testimony of Odessa Moss, the defendant's grandmother with whom he lived, who stated that each night she rises to let her grandson in and that on the night of this occurrence he came home at ten minutes past midnight.

The jury returned a verdict of guilty on both counts as charged in the bill of indictment. From the judgment entered and sentence imposed of seven (7) to ten (10) years for breaking and entering and seven (7) to ten (10) years for larceny, the defendant appeals.

*Attorney General Robert Morgan by Staff Attorney James L. Blackburn for the State.*

*Clarence E. Horton, Jr., for defendant appellant.*

VAUGHN, J.

**[1]** The defendant contends that the trial court committed error by overruling the defendant's motion for nonsuit entered at the close of all the evidence. The defendant contends that "the State did not introduce evidence tending to negative knowledge or intent on the part of the owner" and therefore, the State failed to prove felonious intent to steal. There is no merit to this contention. Suffice to say that the record is replete with evidence tending to show a present intent on the part of the defendant to take property belonging to another and convert it to his own use. The defendant relies on *State v. Goffney*, 157 N.C. 624, 73 S.E. 162, which we find to be inapplicable to the case at bar. There the entry was found to be a lawful one as the owner of the premises gave the defendant permission to enter. The entry was with the consent and at the instance of the owner. Such permission or consent does not appear from the evidence of this case. The motion for nonsuit was properly overruled.

**[2, 3]** The defendant further contends that error was committed by the admission of the testimony of Lieutenant H. E. Tucker, over the defendant's objection, for the purpose of corroborating the testimony of the State's witnesses. The defendant vigorously asserts that the testimony of the State's witnesses was not definite or exact as to the date nor time of the alleged robbery and the testimony of the police officer, which was of "convincing assurance," should not be allowed to bolster this evidence. Evidence which tends to corroborate a party's witnesses is competent, and is properly admitted upon the trial for that purpose. 7 Strong, N.C. Index 2d, Witnesses, § 5, p. 696. The court instructed the jury that Tucker's testimony was being allowed into evidence solely for the purpose of corroborating the State's witnesses and that it was for the jury to decide whether the evidence was in fact corroborative. The testimony was properly admitted and the objection is without merit.

In the trial below we find

No error.

CAMPBELL and PARKER, JJ., concur.