STATE OF NORTH CAROLINA v. CHARLES BLACKSHEAR

No. 7012SC656

(Filed 30 December 1970)

1. Criminal Law § 161— the brief — numbered exceptions and assignments of error — reference to pages of record

Appellant's brief does not comply with Rule 28 of the Rules of Practice in the Court of Appeals where it does not contain, properly numbered, the several grounds of exception and assignment of error with reference to the pages of the record.

2. Criminal Law § 161— assignments of error — necessity for numbered exceptions

Assignments of error based on pages in the record instead of numbered exceptions are inadequate.

3. Criminal Law § 92— consolidation of indictments before State passed jury in trial of one indictment

The trial court did not err in consolidating for trial, before the State passed the jury, an indictment charging felonious conspiracy to break and enter a building with an indictment charging the felonies of breaking and entering the building, larceny of property therefrom, and receiving stolen property.

4. Constitutional Law § 30— right of State to speedy trial

The State, as well as a defendant, is entitled to a speedy trial.

5. Constitutional Law § 31; Criminal Law § 91— time to prepare defense — denial of continuance

Defendant was afforded ample opportunity to confer with counsel and prepare his defense, and the trial court did not err in the denial of defendant's motion for continuance, where counsel was appointed to represent defendant on 25 May 1970, defendant was released on bail on 1 July 1970, and defendant was tried during the week of 3 August 1970.

6. Burglary and Unlawful Breakings § 6; Conspiracy § 7; Criminal Law § 168— statement of material fact not shown in evidence — prejudicial error as to one of two charges

In a prosecution for felonious conspiracy to break and enter a building and for felonious breaking and entering of the building, statement by the trial judge, unsupported by the evidence, that a witness had found that a lock on the front door of a warehouse had been cut off was material and constituted prejudicial error on the breaking and entering charge, but was not related to and was not prejudicial on the conspiracy charge.

7. Criminal Law § 171— single judgment for two crimes — error relating to one crime — remand for judgment on valid conviction

Where a single judgment of imprisonment was pronounced on verdicts finding defendant guilty of felonious conspiracy and felonious breaking and entering, and the trial court committed prejudicial error

requiring a new trial on the breaking and entering charge, the cause must be remanded for proper judgment on the verdict in the conspiracy case, since it is presumed that the judgment was based on consideration of guilt on both charges.

APPEAL by defendant from *Cooper, Superior Court Judge,* 3 August 1970 Special Session of Superior Court held in CUM-BERLAND County.

Defendant was tried on two bills of indictment. In bill of indictment No. 69CR27685 he was charged with the felony of conspiracy to break and enter a building located at 401 By-Pass, Fayetteville, North Carolina, occupied by Carolina Power and Light Company, Incorporated, a corporation, with intent to commit the crime of larceny therein. In bill of indictment No. 69CR27686 he was charged with three felonies: (1) breaking and entering the building of the Carolina Power and Light Company, Incorporated, with intent to commit the felony of larceny; (2) the felony of larceny of property of the Carolina Power and Light Company, Incorporated; and (3) the felony of receiving stolen property knowing it to have been stolen.

Before the selection of the jury and before the jury was empaneled, the cases were consolidated for trial.

At the close of the State's evidence, the defendant moved for judgment as of nonsuit on all four charges. The court allowed the defendant's motion for judgment of nonsuit on the charges of larceny and receiving stolen property but submitted the case to the jury on the charge of conspiracy and the charge of breaking and entering with felonious intent. The jury returned a verdict of guilty on both counts which were consolidated for punishment. From a judgment of imprisonment of not less than five years nor more than seven years, the defendant appealed to the Court of Appeals.

*Attorney General Morgan and Staff Attorney Price for the State.*

*Blackwell, Thompson & Swaringen by Larry A. Thompson for defendant appellant.*

MALLARD, Chief Judge.

[1, 2] Appellant's brief does not comply with the provisions of Rule 28 of the Rules of Practice in the Court of Appeals in that it does not contain, properly numbered, the several grounds

of exception and assignment of error with reference to the pages of the record. Moreover, the assignments of error appearing in the record on appeal are inadequate because they are based on pages in the record instead of numbered exceptions. Assignments of error are ineffectual unless they are based on proper exceptions. *Langley v. Langley,* 268 N.C. 415, 150 S.E. 2d 764 (1966); *Bost v. Bank,* 1 N.C. App. 470, 162 S.E. 2d 158 (1968), *cert. denied,* 274 N.C. 274 (1968). Nevertheless, under the circumstances we deem it proper to look at the merits of the case.

[3] The trial judge did not commit error in consolidating the cases for trial. The consolidation occurred before the State passed the jury. Neither did the trial judge commit error in ruling on the admission of evidence.

[4, 5] True bills of indictment had been returned against the defendant in November 1969. The record does not reveal when the defendant was arrested. On 25 May 1970 counsel was appointed for him. Then on 1 July 1970 he was released on bail, and after moving for a continuance, which was denied, he was tried during the week of 3 August 1970. The defendant had been afforded ample opportunity to confer with his counsel and prepare his defense. If he did not do so, it was his fault. The State, as well as a defendant, is entitled to a speedy trial. A motion for a continuance is ordinarily addressed to the discretion of the trial judge, and under the circumstances here, the trial judge did not abuse his discretion or commit error in refusing to continue the case.

[6] Defendant's assignment of error numbered 6 reads as follows:

> "6. That the court erred in instructing the jury that the evidence tended to show that the witness Hines went to the warehouse on October 15th, and found a lock on the front door of the warehouse had been cut off. (R p 18)"

This assignment of error is not based on a numbered exception, but on page 18 of the record "Exception No. 6" does appear. On that page of the record, the trial judge was recapitulating the evidence and said "[t]hat the witness Hines went to the warehouse on October 15th, 1969, found lock on the front door of the warehouse had been cut off." Perhaps there

was such testimony offered, but in narrating the testimony, it was inadvertently left out. However, we are bound by the record.

The rule with respect to an incorrect statement by the judge in recapitulating the evidence is stated in *State v. McCoy*, 236 N.C. 121, 71 S.E. 2d 921 (1952), as follows:

> "While an inaccurate statement of facts contained in the evidence should be called to the attention of the court during or at the conclusion of the charge in order that the error might be corrected, a statement of a material fact not shown in the evidence constitutes reversible error."

See also *State v. Revis*, 253 N.C. 50, 116 S.E. 2d 171 (1960).

The statement by the judge, unsupported by the evidence, that Hines found a lock on the front door of the warehouse had been cut off was material on the charge of breaking and entering and was therefore prejudicial error on this count.

This misstatement of the evidence on the breaking and entering count was not related to and was not prejudicial on the charge of conspiracy as contained in indictment No. 69CR27685. The bill of indictment on the charge of conspiracy was proper in form, and there was sufficient competent evidence to require submission of the case to the jury. No error in the judge's charge to the jury on the conspiracy count is made to appear.

[7] Where a defendant is tried and convicted on more than one count, there is a distinction made in the decided cases where the counts are consolidated for punishment and where separate sentences are imposed on each count.

In *State v. Walker*, 251 N.C. 465, 112 S.E. 2d 61 (1960), the defendants were charged in three separate bills of indictment with a conspiracy to injure, by dynamite or other high explosives, certain real and personal property. The defendants on one of the bills of indictment challenged the right of the State to put them on trial and filed what they denominated a plea in abatement. Upon conviction on all three counts, they were given separate sentences on each count, the sentences to run concurrently. The Supreme Court said:

> "Even if the court had ruled erroneously on the motion relating to one bill of indictment, such ruling could not avail defendants on this appeal. They have been convicted and

sentenced on three bills. The sentences are identical and run concurrently. Error would have to appear as to all three to be prejudicial."

See also *Benton v. Maryland,* 395 U.S. 784, 23 L. Ed. 2d 707, 89 S.Ct. 2056 (1969) ; *Hirabayashi v. United States,* 320 U.S. 81, 87 L. Ed. 1774 (1943) ; *State v. Wilson* and *State v. Poole,* 264 N.C. 595, 142 S.E. 2d 180 (1965) ; *State v. Vines,* 262 N.C. 747, 138 S.E. 2d 630 (1964) ; *State v. Booker,* 250 N.C. 272, 108 S.E. 2d 426 (1959) ; *Griffin v. United States,* 269 F. 2d 903 (4th Cir. 1959).

In *State v. Stonestreet,* 243 N.C. 28, 89 S.E. 2d 734 (1955), the rule relating to the consolidation of counts after verdict for the purpose of punishment, as well as separate sentence on different counts, is stated as follows:

"Where two or more indictments or counts are consolidated for the purpose of judgment, and a single judgment is pronounced thereon, even though the plea of guilty or conviction on one is sufficient to support the judgment and the trial thereon is free from error, the award of a new trial on the other indictment(s) or count(s) requires that the cause be remanded for proper judgment on the valid count. 'Presumably this (the single judgment) was based upon consideration of guilt on both charges.' *Devin, J.,* later *C.J.,* in *S. v. Camel,* 230 N.C. 426, 53 S.E. 2d 313; also, see *S. v. Braxton,* 230 N.C. 312, 52 S.E. 2d 895. But the rule is otherwise when, as here, separate judgments, each complete within itself, are pronounced on separate indictments or counts. In such case, a valid judgment pronounced on a plea of guilty to a valid count in a bill of indictment will be upheld. *S. v. Thorne, supra; S. v. Calcutt,* 219 N.C. 545, 15 S.E. 2d 9."

See also *State v. Hardison,* 257 N.C. 661, 127 S.E. 2d 244 (1962), and *State v. Barber,* 5 N.C. App. 126, 167 S.E. 2d 883 (1969).

We do not consider it necessary to discuss defendant's other contentions relating to the count of breaking or entering as charged in indictment No. 69CR27686 since as to that count a new trial is awarded.

The judgment of the court on the consolidated cases is vacated, and the cause is remanded for proper judgment on the

verdict in the conspiracy case, indictment No. 69CR27685.

In No. 69CR27686—New trial.

In No. 69CR27685—Error and remanded for proper judgment.

Judges PARKER and GRAHAM concur.