State v. Wingo

---

STATE OF NORTH CAROLINA v. HERMAN WINGO

No. 7620SC133

(Filed 7 July 1976)

**Kidnapping § 1—failure to charge on G.S. 14-39**
>     The trial court erred in failing to charge on the essential elements of kidnapping where the court charged only that kidnapping is the "taking and carrying away without lawful authority of a human being by force, threat of force, or fraud," but the court failed to charge on the provisions of G.S. 14-39 which became effective 1 July 1975.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 23 October 1975 in Superior Court, UNION County. Heard in the Court of Appeals 24 May 1976.

Defendant was tried on bills of indictment for kidnapping and armed robbery. The cases were consolidated for trial and the State presented Willie Young Jenkins III as its principal witness at trial. Jenkins testified that on 15 July 1975, while

he was in his car in the parking lot of the Waffle House in Monroe, the defendant entered his car on the passenger side, pulled out a handgun, and demanded his money. Jenkins stated that although he was frightened he explained to the defendant that he did not have any money. Defendant then ordered Jenkins to drive him to defendant's girl friend's house. When Jenkins stopped the car defendant proceeded to search the car, and he started to take a tape player. Jenkins asked defendant not to remove the tape player, and defendant reached for his pocket where he had placed his handgun. Defendant then took the tape player.

Police Sergeant W. R. Cook testified that pursuant to the report of Mr. Jenkins and his investigation of the crime, he observed a vehicle near the area where Jenkins had been robbed. Cook stated that he obtained permission to search the car and discovered the stolen tape player. The driver testified that he obtained the tape player from the defendant, Herman Wingo.

Defendant testified that he was not in Monroe during the period when Jenkins was robbed. Eddie Bivens testified and corroborated the defendant's alibi.

The jury returned guilty verdicts as to each charge. From judgment imposing an active sentence of not less than 20 nor more than 30 years defendant appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Alan S. Hirsch, for the State.*

*Joe P. McCollum, Jr., for defendant appellant.*

ARNOLD, Judge.

We agree with defendant's position that the trial judge failed to properly instruct the jury on the elements of kidnapping. The jury was instructed that kidnapping was the "taking and carrying away without lawful authority of a human being by force, threat of force, or fraud."

Defendant was charged in an indictment with kidnapping which is a violation of G.S. 14-39. G.S. 14-39 (effective 1 July 1975) provides: "Any person who shall unlawfully confine, restrain, or remove from one place to another, any person 16 years of age or over without the consent of such person, or any other person under the age of 16 years without the consent

of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is **for** the purpose of:

(1) Holding such other person for ransom or as a hostage or using such other person as a shield; or

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or

(3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person."

G.S. 1-180 requires the trial court to "declare and explain the law arising on the evidence given in the case." The provisions of G.S. 1-180 are mandatory and failure to comply is prejudicial error. *State v. Lee,* 277 N.C. 205, 176 S.E. 2d 765 (1970). The trial judge committed prejudicial error by failing to explain the essential elements of the crime charged. *State v. Hairr,* 244 N.C. 506, 94 S.E. 2d 472 (1956); *State v. Sutton,* 230 N.C. 244, 52 S.E. 2d 921 (1949); *State v. Pittman,* 12 N.C. App. 401, 183 S.E. 2d 307 (1971).

Defendant's contention that the trial judge erroneously failed to instruct the jury on the elements of common law robbery is without merit. All the evidence clearly supports the greater offense of armed robbery, and we find no error in the trial with respect to that charge.

Defendant was found guilty of separate offenses of kidnapping (#75CR5613) and robbery with a firearm (#75CR5614). A single judgment of imprisonment was rendered. Since we are awarding a new trial only as to the charge of kidnapping the single judgment must be vacated and remanded for proper judgment upon the guilty verdict in the charge of armed robbery. *State v. Hardison,* 257 N.C. 661, 127 S.E. 2d 244 (1962); *State v. Blackshear,* 10 N.C. App. 237, 178 S.E. 2d 105 (1970).

In No. 75CR5613 [kidnapping]—new trial.

In No. 75CR5614 [armed robbery]—remanded for proper judgment.

Judges PARKER and HEDRICK concur.