STATE OF NORTH CAROLINA v. WILLIAM BOONE

No. 781SC709

(Filed 19 December 1978)

1. Burglary and Unlawful Breakings § 1.2— entry into store during business hours—no breaking

   A person cannot be convicted of felonious entry into a store or place of business during normal business hours through a door open to the public because there has not been an unauthorized or unpermitted entry under G.S. 14-54.

2. Larceny § 6.1— value of stolen merchandise—opinion evidence admissible

   In a prosecution for felonious larceny of sweaters from a retail store, the trial court did not err in allowing the sales clerk present in the store on the night the items were taken to express her opinion as to the fair market value of the stolen merchandise, since the witness testified that she was very familiar with the sweaters, was interested in several of them herself, and was familiar with the price of the sweaters because she had sold them since she began working at the store.

3. Criminal Law § 88.1— objection to question sustained—answer read by reporter—no error

   Defendant's contention that the trial court erred in sustaining the State's objection to a question asked on cross-examination and subsequently permitting the court reporter to give the answer to the jury because this procedure prohibited the jury from judging the credibility of the witness by her demeanor while answering the question is without merit since the answer was a one-word response and was in fact favorable to defendant.

4. Criminal Law § 34.2— booster box—use by professional shoplifters—evidence not prejudicial

   In a prosecution for larceny, testimony that a box found in the trunk of defendant's vehicle was a "booster box . . . generally used by professional shoplifters" was a relatively insignificant part of the State's case, and defendant was not injured in light of the other evidence of his guilt.

5. Criminal Law § 102.8— defendant's failure to testify—comment not permitted

   The trial court did not err in refusing to permit defendant's counsel to argue to the jury concerning defendant's failure to testify. G.S. 8-54.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 23 March 1978 in Superior Court, DARE County. Heard in the Court of Appeals on 15 November 1978.

Defendant was charged in a proper bill of indictment with one count of felonious entry with intent to commit larceny and

one count of felonious larceny. Upon his plea of not guilty, the State presented evidence tending to show the following:

On the evening of 18 November 1977, Indian Imports, a retail store engaged in selling imported clothing, was open for business to the public. At approximately 7:15 p.m. defendant walked into the store and asked Jane Riddle, the sales clerk, for directions to Elizabeth City. The defendant then left the store but returned shortly thereafter with two women and a man. The defendant walked up to the door but did not go inside. The other three persons with the defendant went inside and walked around where some sweaters and dresses were located. About five minutes later, they left without making a purchase. After they left, the sales clerk noticed that two $50 sweaters were missing and immediately called the police in Nags Head. An automobile operated by the defendant with three other persons was stopped by the police. Defendant consented to a search of the car and the police found seven sweaters in the back seat and a cardboard "booster box" in the trunk. The sweaters were identified as belonging to the store. The sales clerk testified that in her opinion the sweaters had a fair market value of $250 to $300.

The defendant presented no evidence.

Defendant was found guilty as charged. From a judgment entered on the verdict imposing a sentence of eight to ten years, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Amos C. Dawson III, for the State.*

*Twiford, Trimpi & Thompson, by Russell E. Twiford and John G. Trimpi, for the defendant appellant.*

HEDRICK, Judge.

[1] Defendant first assigns as error the failure of the trial judge to grant his motion for judgment as of nonsuit with respect to the charge of felonious entry. Defendant contends that a person cannot be convicted of felonious entry into a store or place of business during normal business hours through a door open to the public because there has not been an unauthorized or unpermitted entry. We agree.

Although the precise issue presented by this assignment of error has never been addressed by the North Carolina courts, we think the case of *State v. Goffney*, 157 N.C. 624, 73 S.E. 162 (1911), supports the proposition that the entry proscribed by the statute contemplates an unauthorized or unpermitted entry, and thus an entry with the consent of the owner is not an unlawful entry under G.S. § 14-54.

The provisions of G.S. § 14-54 are as follows:

(a) Any person who breaks or enters any building with intent to commit any felony or larceny therein is guilty of a felony and is punishable under G.S. 14-2.

(b) Any person who wrongfully breaks or enters any building is guilty of a misdemeanor and is punishable under G.S. 14-3(a).

(c) As used in this section, "building" shall be construed to include any dwelling, dwelling house, uninhabited house, building under construction, building within the curtilage of a dwelling house, and any other structure designed to house or secure within it any activity or property.

In *State v. Goffney, supra,* the defendant was charged under Revisal, § 3333 (1908), the statutory predecessor to G.S. § 14-54. The evidence in *Goffney* tended to show that the owner of the store had directed an employee to induce the defendant to enter the store to steal some goods. Once the defendant was inside the store, he was arrested. The court held:

In the case at bar the owner himself gave permission for the defendant to enter, which destroyed the criminal feature and made the entry a lawful one.

Upon the facts in evidence no crime was committed, because the entry was with the consent and at the instance of the owner of the property.

*State v. Goffney*, 157 N.C. at 628, 73 S.E. at 164.

We hold that there is no evidence in this record to warrant submission of the case to the jury on the charge of violating G.S. § 14-54.

[2] Defendant next contends the trial court erred in allowing Jane Riddle, the sales clerk present in the store on the night the items were taken, to express her opinion as to the "fair market value" of the stolen merchandise.

The general rule in North Carolina is that a witness who has knowledge of value gained from experience, information and observation may give his opinion of the value of specific personal property. "[I]t is not necessary that the witness be an expert; it is enough that he is familiar with the thing upon which he professes to put a value and has such knowledge and experience as to enable him intelligently to place a value on it." 1 Stansbury's N.C. Evidence § 128, at 408 (Brandis rev. 1973); *State v. Cotten*, 2 N.C. App. 305, 163 S.E. 2d 100 (1968).

In the present case, the witness testified that she was very familiar with the sweaters, was interested in several of them herself, and was familiar with the price of the sweaters because she had sold them since she began working at the store. She was permitted to testify as to the retail prices of the sweaters and that the "fair market value" of all seven was "about $250 to $300 or more." We think an adequate foundation was laid to place into evidence her opinion as to the value of the sweaters. This assignment of error has no merit.

[3] By assignment of error number three, defendant contends that the court erred in sustaining the State's objection to a question asked on cross-examination and subsequently permitting the court reporter to give the answer to the jury. Jane Riddle, after testifying as to her opinion of the fair market value of the sweaters on direct, was asked about the markup of the sweaters on cross-examination, as follows:

Q. Isn't it a fact that a sweater that you say was worth $50 actually costs $25, in other words being a hundred percent markup? OBJECTION. SUSTAINED. You need not answer that.

After the State had presented all of its evidence the trial judge allowed the court reporter to read to the jury from the record the answer the witness would have given had she been allowed to respond: "Yes."

Defendant contends that this procedure prohibited the jury from judging the credibility of the witness by her demeanor while answering the question. We fail to see how the defendant could possibly have been prejudiced since the answer was a one-word response and was in fact favorable to the defendant. This assignment of error has no merit.

[4] By assignments of error numbers four and five, defendant contends the trial court erred in allowing L. B. Dickens, the police officer who searched defendant's vehicle, to testify that a cardboard box found in the trunk was a "booster box" that was "generally used by professional shoplifters" and in allowing the box to be subsequently introduced into evidence. Defendant argues that any evidence concerning the "booster box" is irrelevant and its admission prejudicial.

The general rule in North Carolina is that evidence tending to show that the defendant has committed separate offenses is not admissible if "its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; but if it tends to prove any other relevant fact it will not be excluded merely because it also shows him to have been guilty of an independent crime." 1 Stansbury's N.C. Evidence § 91, at 289-90 (Brandis rev. 1973). Evidence is relevant if it has any logical tendency to prove a fact at issue in a particular case, and in a criminal case every circumstance calculated to throw light upon the purported crime is admissible. *State v. Arnold*, 284 N.C. 41, 199 S.E. 2d 423 (1973).

In the present case, there was no evidence tending to show that the "booster box" was used in the commission of the crimes defendant was charged with. Nevertheless, we fail to see how the officer's testimony with regard to the "booster box" or its admission could have prejudiced the defendant in light of the overwhelming evidence of the defendant's participation in the crime. The "booster box" was a relatively insignificant part of the State's case and defendant was not injured in light of the other evidence of his guilt. These assignments of error have no merit.

[5] Defendant finally contends that the trial court erred in refusing to permit defendant's counsel to argue to the jury concerning defendant's failure to testify. The rule in North Carolina is that neither the counsel for the State nor counsel for the defendant is

State v. Boone

allowed to comment on the failure of the defendant to testify. "To permit counsel for a defendant to comment upon or offer explanation of the defendant's failure to testify would open the door for the prosecution and create a situation the statute [G.S. § 8-54] was intended to prevent." *State v. Bovender*, 233 N.C. 683, 689-90, 65 S.E. 2d 323, 329 (1951); *State v. Artis*, 9 N.C. App. 46, 175 S.E. 2d 301 (1970). In his charge to the jury, the trial judge properly instructed the jury that defendant had a right to elect not to testify, and that no unfavorable inference could be drawn therefrom. This assignment of error has no merit.

Because of our disposition of this case, it is unnecessary to discuss defendant's remaining assignment of error.

With respect to the charge of felonious larceny of goods with a value in excess of $200, the defendant had a fair trial free from prejudicial error.

Defendant was found guilty of separate offenses of felonious entry with intent to commit larceny and felonious larceny. A single judgment of imprisonment was rendered on the verdict. Since we hold that judgment as of nonsuit should have been granted only as to the charge of felonious entry, the single judgment must be vacated and remanded for a proper judgment upon the guilty verdict in the charge of felonious larceny. *State v. Hardison*, 257 N.C. 661, 127 S.E. 2d 244 (1962); *State v. Wingo*, 30 N.C. App. 123, 226 S.E. 2d 221 (1976).

Vacated and remanded for proper judgment on the charge of felonious larceny.

Judges VAUGHN and ARNOLD concur.